GEORGE L. ROCKWELL *vs.* ROSWELL W. NEWTON.

The defendant agreed to pay the plaintiff, a real estate broker, $70 if he would find a person with whom he could exchange certain land owned by him for other land on satisfactory terms. The plaintiff found *A*, who offered to give the defendant for his land certain real estate of his own, which he stated to be encumbered to the amount of $3,000 and no more, and a certain sum in money. The defendant accepted the offer and the parties agreed to meet at the plaintiff's office at a later hour the same day and execute the deeds, which the defendant requested the plaintiff to prepare. The plaintiff prepared the deeds and *A* attended at the time agreed, but the defendant did not come, and never consummated the exchange. It appeared that, after the parties separated at the first meeting, the defendant discovered that there was a lien of $300 for unpaid taxes on *A's* land, but he did not inform *A* or give any reason for abandoning the exchange. *A* had failed to mention the tax lien by inadvertence, and was able and prepared to pay the taxes and remove it. In a suit brought by the plaintiff to recover the $70 for procuring a party to make the exchange, it was held that he could not recover.

The defendant, finding that *A* had misstated the amount of the incumbrance on his property, had a right to drop the negotiation at once, without further communication with him.

ASSUMPSIT, to recover brokerage; brought to the City Court of the city of Hartford, and tried to the court on the general issue before *Sumner, J.* The court found the following facts and made them a part of the record.

The defendant, some time in the spring of 1876, agreed with the plaintiff, who was a real estate broker living in the city of Hartford, that he would give him $70 if he would find some one with whom he could exchange certain real estate which he owned, upon terms which should be satisfactory to him. Through the agency of the plaintiff the defendant and one Norman Smith were brought together at the office of the plaintiff on the morning of May 4th, 1876. Smith was the owner of real estate on Capen street in Hartford, which he offered to exchange for the defendant's property on the following terms: Smith to convey to the defendant his property encumbered by a mortgage of $3,000, which he represented to be the extent of the encumbrances upon it, and to give his notes to the amount of $2,500, secured by mortgage upon the

property he was to get from the defendant. The defendant accepted the proposition, and agreed to meet Smith at the plaintiff's office on the afternoon of the same day for the purpose of making the exchange, and the defendant instructed the plaintiff to have the deeds and papers necessary to consummate the bargain prepared accordingly.

The deeds and papers were so prepared by the plaintiff, and Smith was ready at the time and place named to execute the agreement on his part. The defendant however failed to appear, and from that time has wholly refused to execute his part of the agreement.

The defendant has never given, or offered to give, to the plaintiff, or to Smith, any reason for his failure to comply with the agreement. But the court finds that after making the agreement with Smith, and before the time of meeting him at the plaintiff's office on the afternoon of May 4th, the defendant found that taxes to the amount of $300 were due and unpaid upon Smith's real estate, which taxes were in addition to the encumbrance of $3,000, and a statutory lien upon his estate.

Smith inadvertently omitted to mention the arrears of taxes without intention to deceive or defraud the defendant.

The defendant never made complaint to the plaintiff or to Smith on account of the unpaid taxes, or assigned it as a reason to them, or either of them, for the non-fulfillment of his agreement. Neither the plaintiff nor Smith sought the defendant to ascertain why he neglected to meet them at the time agreed.

The court finds that Smith was ready, able, and willing, to pay the taxes at the time and place agreed upon to exchange the real estate, and would have paid them had the defendant requested him so to do. But he did not offer to pay the taxes, and did not pay them before the time for the meeting. The plaintiff himself was ignorant of the condition of Smith's encumbrances.

Upon these facts the court rendered judgment for the plaintiff to recover $70 and his costs. The defendant brought the record before this court by a motion in error.

*L. Sperry*, for the plaintiff in error.

1. The contract in this case was for a specific service at an agreed price; it was therefore an entire contract, and the price did not become payable until the service was wholly rendered. *Coburn* v. *City of Hartford*, 38 Conn., 290. In other words, performance of the contract on the part of the plaintiff was a condition precedent to recovery. *Brown* v. *Fitch*, 33 N. Jer. Law R., 418. The court below does not find that the real estate in question has been exchanged through the plaintiff's agency, and consequently there can be no recovery.

2. But the plaintiff claims to have executed his part of the contract. It is found that through the agency of the plaintiff one Norman Smith and the defendant were brought together, and a time, place and terms agreed upon for an exchange of the property in question. Upon the strength of this fact the plaintiff claims to have "found some one with whom the defendant could exchange upon terms satisfactory to himself." That is to say, the arrangement between Smith and the defendant was a contract, and, as such, was conclusive evidence that the defendant was satisfied with the customer so produced, and that the agreement was equivalent to an exchange. But was there a contract between Smith and the defendant? Being a verbal agreement to exchange real estate, it was void within the statute of frauds. But was there any undertaking on the part of the defendant which could be considered as evidence of a willingness to exchange with Smith? It appears by the finding that the representations made by Smith to the defendant, and in consideration of which the agreement to exchange was entered into, were materially false. This was not known by the defendant at the time, but was subsequently discovered by him, and previous to the time appointed for the exchange. There having thus been a misunderstanding between the parties as to the terms of the contract, it follows that there could have been no meeting of their minds, and consequently no contract between them. " In order to constitute a contract it is necessary that the parties should assent to it, and, as is well

expressed by Mr. Parsons, in his treatise on Contracts, page 399, 'they must assent to the same thing in the same sense.' The proposition of one party must be met by an acceptance of the other which corresponds with it, which cannot be the case when the proposition is misunderstood by the party to whom it is made." *Hartford & N. Haven R. R. Co.* v. *Jackson*, 24 Conn., 517. "It is an undeniable principle of the law of contracts that an offer of a bargain by one person to another imposes no obligation upon the former, until it is accepted by the latter *according to the terms in which the offer was made.* Any qualification of, or departure from, those terms invalidates the offer, unless the same be agreed to by the person who made it. Until the terms of the agreement have received the assent of the parties, the negotiation is open, and imposes no obligation on either." *Eliason* v. *Henshaw*, 4 Wheat., 225, 228.

*H. O'Flaherty*, for the defendant in error.

1.  The plaintiff was bound by his contract only to find a person with whom the defendant could make an exchange. He found such a person who was ready and willing to make the exchange and on terms satisfactory to the defendant.

2.  The statement by Smith that his property was encumbered only to the amount of $3,000, was not made to deceive the defendant, nor was it a warranty that there was no other encumbrance, at that time, upon the property. It simply amounted to this: that when the exchange should be consummated, and a deed of the property given, the encumbrance should not exceed $3,000.

3.  The defendant having instructed the plaintiff to have the deeds necessary to consummate the exchange ready, and having agreed upon the time and place to execute the deeds, should have been on hand to make the exchange, or to give a reason for his failure so to do. *Tiernan* v. *Roland*, 15 Penn. S. R., 429, 441. The discovery of the additional encumbrance of $300 was no excuse for his failure to keep the appointment. He should have appeared and requested Smith to pay the tax upon the land, and upon his refusing so to do,

the defendant might then have refused to make the exchange. *Marsh* v. *Holly*, 42 Conn., 463. Smith was then able and willing, and would have paid the tax, and given the defendant a deed of the property with no encumbrance thereon except the mortgage of $3,000.

PARDEE, J.   Upon the discovery of the fact that there was a lien upon the property in addition to the amount represented by Smith in the negotiation with the defendant, the latter had the right to determine for himself that the oral proposition made by Smith was not satisfactory.   He was under no obligation to give him any notice, he being chargeable with knowledge that his taxes remained unpaid and constituted a lien upon his land.   No duty rested upon the defendant to take the initiative in re-opening negotiations.   Smith at no time made any proposition embracing the truth concerning the property, which the defendant would accept; the latter did not place himself in any position which required him to ask for or make a different one; he stood where he could reject the one made as soon as he knew what, in fact, its terms were.   The error of Smith concerned the property in a most important particular.   The defendant finding during the preliminary negotiations that this error had intervened, declined to continue them; he had no knowledge as to either the ability or willingness of Smith to discharge the lien; indeed the presumption might well be against both.   Neither party having substituted anything in the place of the rejected proposition the whole matter ended.

Inasmuch as no exchange was in fact effected for the reason that the minds of, the parties did not meet upon any common point, we think that the plaintiff has never performed the condition precedent upon which his right to recover brokerage rests.

There is error in the judgment below.

In this opinion the other judges concurred; except PARK, C. J., who did not sit.