JAMES E. CLARK vs. THE HENRY G. THOMPSON AND SON COMPANY.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A broker who procures a person ready and willing to make the required loan, upon the terms and conditions prescribed by his employer, is entitled to his commission.

One who requests a broker to secure him a first mortgage loan is bound

by implication to give the prospective lender a good mortgage title; otherwise the latter is justified in refusing to make the loan.

If the landowner, in the absence of an agreement to that effect, be entitled to any extension of time in which to remove a cloud upon his title, he certainly cannot expect the prospective lender to hold a large sum of money at call without interest for several months.

Where the proper judgment has been rendered upon the facts found, intermediate conclusions of fact drawn by the trial court, even if erroneous, are harmless.

Argued June 4th—decided July 18th, 1902.

ACTION to recover for services rendered in obtaining a mortgage loan of $44,000, on defendant's real estate, brought to the City Court of New Haven and tried to the court, *Bishop, J.*, after demurrer to the amended complaint had been overruled; facts found and judgment rendered for the plaintiff for $390, and appeal by the defendant. *No error.*

The defendant owned real estate in the city of New Haven, encumbered by a first mortgage for $44,500, bearing five per cent interest and payable semi-annually. The plaintiff, a real estate broker, undertook to obtain a four per cent loan for a like amount in substitution therefor, upon the agreement that he should receive a commission of one per cent if successful. One condition only was imposed by the defendant, and that was that the loan should be secured before July 1st, when the next interest payment upon the existing loan became due.

The plaintiff was unable to find a party who was willing to make the loan for the amount stipulated. He did, however, secure from the Bristol Savings Bank a proposition to make a loan for $44,000, accompanied with certain provisions for annual principal payments. This proposition was satisfactory to the defendant, and was accepted by it. June 30th the treasurer of the bank, by appointment, came to New Haven to complete the loan, and was ready and willing to do so. Together with the plaintiff it met the defendant's representative at the office of the attorney who had examined the title and was to prepare the necessary papers. Then, the bank being ready and willing to make the loan as agreed, the attorney who had examined the title revealed the discov-

ery by him, upon the records, of an outstanding deed of an undivided interest in the property, made since the existing mortgage, and which was unknown to the defendant. As the defect was one which could not be cured without delay, the parties separated with nothing done. Notwithstanding this failure to consummate the loan, the bank, being appealed to by the defendant, continued willing to make it if the title could be perfected, and so advised the defendant. The title was in fact perfected on July 19th, but the bank was not informed or asked to complete the loan until December 12th when, on account of changed financial conditions, it declined to do so, and has never done so.

August 31st the defendant paid the plaintiff $100 on account of his commission. The counterclaim seeks to recover back this sum.

*William B. Stoddard* and *Robert C. Stoddard,* for the appellant (defendant).

*Edmund Zacher* and *James E. O'Connor,* for the appellee (plaintiff).

PRENTICE, J. The plaintiff has clearly earned his commission. On June 30th his efforts resulted in securing a party who was ready and willing to make a loan to the defendant within the time stipulated, and upon terms acceptable to and in fact accepted by the defendant, his employer. *Leete* v. *Norton,* 43 Conn. 219; *Schlegal* v. *Allerton,* 65 id. 260. The loan which the plaintiff had undertaken to secure, and for which the defendant had expressly agreed to pay, was on that day, through the plaintiff's agency, at the defendant's service. That it was not then and there consummated, was through no fault of either the plaintiff or the bank which stood ready and willing to make the loan. Nothing intervened save what is to be attributed to the defendant's fault. Under the terms of the plaintiff's employment the defendant was bound by implication to give the mortgagee produced a good title. *Gauthier* v. *West,* 45 Minn. 192; *Middleton* v. *Thompson,* 163 Pa. St. 112, 120; *Gon-*

*zales* v. *Broad*, 57 Cal. 224; *Knapp* v. *Wallace*, 41 N. Y. 477; *Rockwell* v. *Newton*, 44 Conn. 333. It is idle to inquire what the precise legal effect of the outstanding recorded deed of an interest in the property, under the circumstances, was. It clearly created such a cloud upon the title of the defendant that the bank was justified in refusing to make the proposed loan under the existing conditions.

It is contended on behalf of the defendant that upon discovery of the defect of title it was entitled to reasonable time to remove it. If so, certainly six months was not a reasonable time to expect a prospective mortgagee to hold funds to the amount of $44,000 at call without interest. The plaintiff's contract could not have involved an undertaking to produce a mortgagee willing to do this, and to make a loan after such a lapse of time regardless of changed financial conditions. Whatever reasonable construction be given to the plaintiff's undertaking, it is manifest that it was fully performed. Upon the facts found these legal conclusions clearly follow.

The defendant, however, excepts to the action of the court in finding certain of the facts contained in the finding. The subject-matter of these exceptions is for the most part either immaterial to the conclusions reached by us, or relates to conclusions of fact from subordinate facts also found. As we have dealt only with the subordinate facts, the defendant cannot be harmed by the conclusions objected to.

The only remaining exception of possible importance, relates to the finding of the court, to the effect that the defendant imposed upon the plaintiff, as a part of the agreement between them the condition that the loan must be procured by July 1st. This finding was not without support, and substantial support, in evidence.

The considerations herein expressed sufficiently indicate that the demurrer to the complaint was properly overruled.

There is no error.

In this opinion the other judges concurred.