JOHN W. COURTER, APPELLANT, v. JOHN LYDECKER
ET AL., APPELLEES.

Submitted July 12, 1904—Decided November 14, 1904.

A broker employed to obtain a sale of real estate earns his commissions when he procures a purchaser able and willing to conclude the bargain on the terms on which the broker was authorized to sell.

This is an appeal from the judgment of the District Court, taken to the Supreme Court under the act of 1902. *Pamph. L., p.* 565.

The state of the case submitted is as follows:

The action was brought to recover the amount of commissions or brokerage claimed to be due to the plaintiffs for the sale of the defendant's farm. That part of the written agreement material to this action, as it was proved at the trial, on which the plaintiffs based their claim to commissions, reads as follows: "1 hereby authorize Lydecker Brothers, of Paterson, New Jersey, to sell my property herein described, at a commission of five per cent., no charge to be made by them unless they obtain for me a sale. House, frame; location, Wyckoff; number of acres, 29; price, $3,300; cash required, $1,300; amount of mortgage, $2,000. This 24th day of September, 1902; (signed) John W. Courter, owner."

It was proved before William I. Lewis, esquire, judge, without a jury, that through the efforts of the plaintiffs the defendant arrived at an oral agreement with a certain Kenworthy, whereby the defendant agreed to sell to the said Kenworthy, and the said Kenworthy agreed to purchase of the defendant the said farm, upon the terms of the foregoing agreement; that pursuant to the terms of the said agreement, Kenworthy paid to the defendant the sum of $500 in cash, which sum was accepted by the defendant in part performance of the agreement, and took possession of the farm.

Kenworthy, after holding possession of the farm for a short time, abandoned it, without carrying out the further provisions of his agreement with the defendant, and without having received a deed to the farm. The defendant retained the $500 paid to him by said Kenworthy.

Upon these facts, the court held that a valid and binding agreement for the sale of the farm had been reached between Kenworthy and the defendant, due to the efforts of the plaintiffs; that such an agreement having been partly performed, constituted a sale within the meaning of the terms of the agreement between the defendant and the plaintiffs, and gave judgment for the plaintiffs for the sum of $165, the full amount claimed by the plaintiffs from the defendant, and cost of suit.

Before Justices FORT and REED.

For the appellant, *Ernest Koester.*

For the appellee, *William A. Sumner.*

The opinion of the court was delivered by

REED, J. The condition upon which the plaintiffs were to become entitled to their commissions was that they should obtain a sale for the defendant.

In the absence of a special agreement, the general rule is that the right of a broker to commissions is complete when he has procured a purchaser able and willing to conclude a bargain on the terms on which the broker was authorized to sell. 2 *Am. & Eng. Encycl. L.* (1st ed.) 578; *Mooney* v. *Elder,* 56 *N. Y.* 238; *Hinds* v. *Henry,* 7 *Vroom* 328.

The broker may, by special agreement, so contract as to make his compensation dependent upon a condition. But it is not apparent how the contract in the present case differs from the usual employment of a broker to sell. The condition in all such employments is that the broker shall obtain a sale. The broker's right to recover commissions in such cases is

dependent upon his obtaining a sale. His right to commissions, by the terms of the present contract, is, in express words, dependent upon his obtaining a sale. The standard by which the performance of this duty is to be ascertained must therefore be exactly the same under this contract as under a general employment.

In the present case the broker obtained a purchaser willing to conclude a bargain, upon the terms upon which the broker was authorized to sell, who was acceptable to, for he was accepted by, the vendor.

But it is insisted that there was no writing, and so the parol agreement between the vendor and purchaser was not a sale. The broker, under the terms of his employment, had no authority to enter into a written contract which would bind the vendor. *Shepherd* v. *Hedden,* 5 *Dutcher* 334; *Morris* v. *Ruddy,* 5 *C. E. Gr.* 236; *Milne* v. *Kleb,* 17 *Stew. Eq.* 378.

The vendor was content to rely upon a parol agreement, accompanied by the payment of a part of the consideration. It does not appear that he ever asked for a writing, and so it does not appear that the purchaser refused to execute one.

The broker had performed his duty in obtaining a willing and acceptable purchaser upon the terms named, and he earned his commission.

It is to be observed that the purchaser, having gone into possession, the oral contract was in equity enforceable by the vendor. *Wharton* v. *Stoutenburgh,* 8 *Stew. Eq.* 266, 277.

It was upon this ground the case was decided below. But whether this verbal contract was or was not enforceable by the vendor, he having accepted it as a sale, cannot deny to the broker his commissions for obtaining the sale.

Judgment affirmed.