GEORGE W. TEBO *vs.* JAMES MITCHELL.

*Assumpsit—Contract—Evidence—Real Estate Agent—Services in Sale of Farm—Compensation.*

1. In the trial of an action brought to recover for services rendered by a real estate agent in the sale of a farm of the defendant, a receipt given by the plaintiff, as the agent of the defendant, for the sum paid on account of the purchase money is admissible in evidence although there has not been proved any written authority from the defendant to the plaintiff authorizing the latter to negotiate the sale of the farm.

2. When one employs another to do work for him, and the employee performs the work in accordance with the terms of the employment, the employee is enentitled to recover the stipulated price, if such was agreed upon by the parties, or if no stipulated price was agreed upon, then he is entitled to recover such sum as the work was reasonably worth.

3. To entitle one to recover commissions on the sale of real estate he must have been the agent of the seller, and he must have effected the sale, or conducted the negotiations to such a stage as to complete the bargain for the sale, so far as it depended upon his action or efforts to accomplish the sale.

4. When the broker has brought to his employer a purchaser willing and able to purchase at the price and on the terms authorized by the employer, the broker's work is done, and he is entitled to his compensation, and the employer's refusal to complete the purchase, without the fault of the broker, will not prevent the recovery of his compensation.

5. The right of the broker to recover his compensation does not depend upon the execution by the parties of a valid agreement in writing for the sale of the property. If the broker has such an agreement drawn and executed by the proposed purchaser, and offers the same to the seller for his signature, and the seller makes no objection to the terms of the instrument, but refuses to sign it for the sole reason that his wife will not join him in the deed, then the work of the broker is ended and he is entitled to be paid for his services.

(*May 10, 1905.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William M. Hope* for plaintiff.

*John B. Hutton* for defendant.

Superior Court, Kent County, April Term, 1905.

ACTION OF ASSUMPSIT (No.    , October Term, 1904), to recover the sum of $135, being the amount alleged by the plaintiff to be due for services performed in the sale of a farm by the plaintiff for the defendant.

The evidence adduced at the trial showed that the defendant, James Mitchell, in October, 1904, employed the plaintiff, George W. Tebo, a real estate broker of Dover, to sell the defendant's farm of 78 acres in West Dover Hundred, Kent County, for the price of $1200 and promised to give the plaintiff a commission of $200 if the latter succeeded in making the sale; that the plaintiff procured a purchaser at the price stipulated, when the prospective purchaser and the plaintiff were notified by Mitchell that he wanted $1350 for the farm; that Tebo and the prospective purchaser discussed the matter and then notified the defendant Mitchell that the offer of $1350 was accepted; that when the increased price was agreed upon the matter of the amount of commission to be paid the plaintiff was not mentioned; that the plaintiff collected from the prospective purchaser the sum of $200 on account of the purchase price of the said farm and gave his receipt therefor; that subsequently the contract of sale, having been executed by the purchaser, was presented to the defendant for his signature, when the defendant notified the plaintiff that his wife would not join in the deed, and asked if a deed made by himself would be sufficient. The purchaser would not accept such a deed and the sale was declared off. The plaintiff claimed 10 per cent. commission on the purchase price of $1350.

In the course of the trial, the plaintiff having proved that as the agent of the defendant he gave a receipt for the $200 paid on account of the purchase price of the farm, said receipt was offered in evidence. This was objected to by counsel for defendant, on the ground that as the suit was on a contract for the sale of land, before the receipt could be admitted in evidence there must be proved some written authority from Mitchell to Tebo authorizing the latter to negotiate the sale of the defendant's farm, otherwise the receipt given by Tebo to the purchaser would not bind the defendant.

The objection was overruled and the paper admitted in evidence; it being in the following form :—" Dover, Del., October 14, 1904. I have received of John T. Simper the sum of $150 to fasten the James Mitchell farm located near Slaughter Station, Kent County, State of Delaware, and sold to the said John T. Simper this day for $1350. GEORGE W. TEBO."

" October 15, 1904, received of John T. Simper the further sum of $50 as a payment on the farm bought by contract of James Mitchell through my agency. GEORGE W. TEBO."

SPRUANCE, J., charging the jury:

Gentlemen of the jury :—This action is brought by the plaintiff, George W. Tebo, a real estate broker, against the defendant James Mitchell, for the recovery of compensation for services alleged to have been rendered by the plaintiff in the sale of a farm of the defendant.

The plaintiff claims the sum of $135, being 10 per cent. of the price for which the property was sold.

When one employs another to do work for him, and the employee performs the work in accordance with the terms of the employment, the employee is entitled to recover the stipulated price—if such was agreed upon by the parties—or if no stipulated price was agreed on, then he is entitled to recover such sum as the work was reasonably worth.

To entitle one to recover commissions on the sale of real estate he must have been the agent of the seller, and he must have effected the sale, or conducted the negotiations to such a stage as to complete the bargain for the sale, so far as it depended upon his action or efforts to accomplish the sale.

*Hawkins vs. Chandler, 8 Houst., 434.*

When the broker has brought to his employer a purchaser willing and able to purchase at the price and on the terms authorized by the employer, the broker's work is done, and he is entitled to his compensation, and the employer's refusal to complete the

purchase without the fault of the broker, will not prevent the recovery of his compensation.

The right of the broker to recover his compensation does not depend upon the execution by the parties of a valid agreement in writing for the sale of the property.

If however the broker has such an agreement drawn and executed by the proposed purchaser, and offers the same to the seller for his signature, and the seller makes no objection to the terms of the instrument, but refuses to sign it for the sole reason that his wife will not join him in the deed,—then the work of the broker is ended and he is entitled to be paid for his services.

If upon due consideration you shall be satisfied from the weight or preponderance of the evidence, that the plaintiff did perform the service which he agreed to do for the defendant, then your verdict should be for the plaintiff for such sum as the defendant agreed to pay, or if there was no specific sum agreed upon by the parties then for such an amount as you may find such services to have been reasonably worth.

Verdict for plaintiff for $50.