ABRAHAM NOTKINS *vs.* MICHAEL PASHALINSKI ET UX.

Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, JS.

A broker employed to sell real estate is entitled to a reasonable commission when he procures a customer who is able, ready and willing to buy the property on the terms offered by the owner, although the sale itself is not effected because of the owner's wrongful refusal to consummate the transaction.

An appellant cannot take advantage here of a claim of variance which was not urged in the court below nor made a reason of appeal.

Argued June 9th—decided July 12th, 1910.

ACTION by a real estate broker to recover a commission for obtaining a purchaser of the defendants' property, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $746, and appeal by the defendants. *No error.*

*Jacob Caplan,* for the appellants (defendants).

*Ward Church* and *Clarence W. Bronson,* for the appellee (plaintiff).

RORABACK, J.　The plaintiff is a real estate dealer in the city of New Haven.　On or about June 1st, 1908, the defendants were the owners of a certain piece of real estate which they requested the plaintiff to sell. The plaintiff, in pursuance of this request, endeavored to interest several persons in the property, and procured different offers for the same, which offers were refused by the plaintiff.　The selling price of the property was $35,000, payable as follows: $7,000 in cash, the assumption of a mortgage then upon the real estate, and the execution of a second mortgage for the balance of the purchase price.

The plaintiff, in pursuance of his employment, induced one Joseph Schwartz to offer the defendants the sum of $34,000 for the property, which offer the defendants accepted.　The terms of the sale were the same as those above set forth, except that the said Schwartz was to pay, and the defendants agreed to accept, the sum of $6,000 in cash, instead of the sum of $7,000, making the purchase price $34,000 instead of $35,000 as first contemplated.

After the defendants had accepted the offer of Schwartz and agreed to sell him the property, and after they had suggested to Schwartz that they go to the de-

fendants' lawyer to have the necessary papers of sale drawn up, to which Schwartz assented, the defendants refused to consummate the sale and to convey the property as they had agreed, unless the plaintiff would consent to accept by way of commission for his services the sum of $100, which he refused to do. On the following day the defendants again agreed to convey the property to Schwartz upon the terms above described, if the plaintiff would agree to accept $300 for his services, which he declined. Schwartz was ready and willing to buy the property upon the terms prescribed by the defendants and was able to carry out the terms of his agreement.

It therefore appears that the plaintiff, at the request of the defendants, made a contract of sale of the defendants' real estate to one who was able, ready and willing to take the property and pay for it at the price agreed, and who was prevented from doing so by the defendants' refusal to carry out the contract. The broker must complete the sale; that is, he must find a purchaser able, ready and willing to complete the purchase on the terms agreed, before he is entitled to his commissions. *Taylor* v. *Schofield*, 191 Mass. 1, 78 N. E. 103; *Tebo* v. *Mitchell*, 5 Pennewill (Del.) 356, 63 Atl. 327; *Courter* v. *Lydecker*, 71 N. J. L. 511, 58 Atl. 1093; *Middleton* v. *Thompson*, 163 Pa. St. 112, 29 Atl. 796; *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. 790.

When the question as to the plaintiff's commission had been reached a contract of sale had been effected. An offer of $34,000 had been made by Schwartz and accepted by the defendants. The plaintiff at this time had rendered his services and earned his commission, which the court below has found was reasonably worth $680.

The defendants then insisted that the plaintiff should take $100 for his services, and finally agreed to pay

$300 which the plaintiff refused to accept. For these reasons the defendants refused to finish the sale by conveying the property to Schwartz. The demands of the defendants were unreasonable. It was their own fault that the sale was not completed.

The principal cannot release himself from liability to the agent by a capricious refusal to consummate the sale. *Wendle* v. *Palmer*, 77 Conn. 12, 14, 58 Atl. 12; *Clark* v. *Thompson & Son Co.*, 75 Conn. 161, 163, 52 Atl. 720; *Schlegal* v. *Allerton*, 65 Conn. 260, 32 Atl. 363.

The complaint sets up an agreement that the plaintiff was to find a purchaser for $34,000, and that he induced one Joseph Schwartz to purchase the property for that amount. The finding is that the plaintiff obtained the property of the defendant to sell for $35,000. This amount the plaintiff could not obtain, but Joseph Schwartz, a customer obtained by the plaintiff, made an offer of $34,000, which the defendants accepted. In argument, the defendants contended that it therefore appeared that the contract alleged was not proven. It is sufficient to say of this claim that it does not appear that it was made in the trial of the case in the court below, and is not made in the reasons of appeal.

There is no error.

In this opinion the other judges concurred.