THE HOME BANKING AND REALTY COMPANY *vs.* CHARLES BAUM ET UX.

First Judicial District, Hartford, March Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

It is well settled that a broker in whose hands real estate has been placed for sale by its owner is entitled to his commission when his efforts have resulted in a sale, or in procuring a customer who is ready, able and willing to buy upon the terms prescribed by the owner; and his right to such a commission is not affected by the fact that the deed from such owner has not been drawn up and executed.

A defendant should not be allowed to say that the plaintiff has not performed his contract when his efforts have been rendered futile by the acts of the defendant himself.

In an action to recover a commission for obtaining a purchaser of real estate, it need not appear that a sale was made to the satisfaction of the defendant when he has accepted the proposition of the proposed purchaser. Such acceptance is conclusive as to the defendant's satisfaction with such offer; and plaintiff's claim for commission is not affected by the defendant's later repudiation of his acceptance of the proposition, where there has been no bad faith, fraud, or misconduct on the part of the plaintiff.

It appearing that the defendants accepted an offer of $5,600 for their property, but afterward refused to make a deed of it unless they were paid $5,800, the fact that it was not expressly found that such refusal of the defendants was dishonest, arbitrary, or capricious, will not prevent the broker from recovering his commission.

Upon an inquiry as to the state of mind or disposition of a person at any particular period, his acts and declarations are admissible as a part of the *res gestæ.* Accordingly, it having become a material question in the trial of this case whether or not R and his wife were ready and willing to make a purchase of the defendants' property, a note, and mortgage to secure the same, signed by R and his wife, upon the property in question, were admissible, these documents having been necessary to complete the arrangements of purchase made with the defendants.

It is not error to permit a witness who has testified as to the facts of a transaction, to reply upon cross-examination in answer to a question calling for an opinion, that one of the parties to the transaction "did buy at fifty-six," though the question whether the transaction constituted a sale was one involving a conclusion for the court and not for the witness to decide; there being no danger that the court would be affected in its determination of the question of a sale by the conclusion of the witness, expressed as it was by him in the natural mode of speech, as it appeared to him.

Statements in a draft-finding marked "proven" have the same force as if incorporated in the finding of the court; therefore, a claim for a correction of the finding by adding such statements is unnecessary.

Evidence reviewed and *held* to support the finding of the court that one defendant acted as agent for the other.

Evidence reviewed and *held* not to clearly sustain finding of ratification by one of the defendants; but as there is no necessity for the ratification of an agreement by one who authorizes another to make it, a correction of the finding would not have strengthened the appellant's claim of law. A correction of a finding which will not strengthen an appellant's claim of law will be denied.

Argued March 6th—decided April 9th, 1912.

ACTION by a real-estate broker to recover a commission for obtaining a purchaser of the defendants' property, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the plaintiff for $117, and appeal by the defendants. *No error.*

*Bernard F. Gaffney* and *Mortimer H. Camp,* for the appellants (defendants).

*Benjamin W. Alling* and *George W. Klett,* for the appellee (plaintiff.)

RORABACK, J.   The plaintiff, a corporation located in New Britain, Connecticut, through its officers, acts as a broker in the sale of real estate.   The defendants, Charles Baum and wife, each owned an undivided one-half interest in a house and lot in New Britain which they occupied.   On August 9th, 1909, desiring to sell their real estate, Charles Baum, the husband, signed and delivered to the plaintiff a writing containing the following: "New Britain, Conn., Aug. 9, 1909.   I hereby authorize the Home Banking & Realty Co. to sell my property as per schedule on reverse side of this card, and do hereby agree to pay a commission of 2% on the sale price, if sold or exchanged at price satisfactory to me.   Charles Baum." The price stated on the reverse side of the card is $5,800.

The plaintiff, between August 9th, 1909, and March 21st, 1910, advertised the defendants' real estate for sale, and endeavored to sell it for $5,800, but could not find a customer at that price.   On March 21st, 1910, the defendant husband requested the plaintiff to sell the property at a price less than $5,800.   On April 13th, 1910, the plaintiff found a customer, one August Ruchkowski and his wife, Marion Ruchkowski, who were ready, able and willing, and who offered, to purchase the defendants' property, and to pay therefor $5,600, by assuming a first mortgage on the property of $3,500, giving a second mortgage for $1,100, and paying $1,000 in cash.   They also proposed terms as to the payment of interest, taxes and insurance.

On the same day the defendant Charles Baum, on his own behalf, and on behalf of his wife as her agent, accepted this proposition, and accepted the terms as to the interest, taxes and insurance.   The defendants also

agreed that they would come that night and sign a deed for the transfer of their property.

Ruchkowski and his wife deposited $1,106.82 with the plaintiff, the amount necessary to carry out this agreement. They also deposited with it a note and mortgage, duly executed, for $1,100 on the real estate, and, through an officer of the plaintiff company, offered to fully perform their part of the agreement, of which the defendants were duly notified. The defendants, after some delay, refused to convey the real estate unless Ruchkowski and his wife paid $5,800 in cash.

The deposits made by Ruchkowski and his wife remained in the possession of the plaintiff until May 7th, 1910. During all this period Ruchkowski and his wife were ready, able and willing to purchase the defendants' real estate upon the terms which had been agreed upon.

It is well settled that a broker in whose hands real estate has been placed for sale by its owner is entitled to the commission agreed upon when his efforts have resulted in a sale, or in procuring a customer who is ready, able, and willing to buy upon the terms prescribed by the owner. *Notkins* v. *Pashalinski*, 83 Conn. 458, 460, 76 Atl. 1104; *Clark* v. *Thompson & Son Co.*, 75 Conn. 161, 163, 52 Atl. 702; *Leete* v. *Norton*, 43 Conn. 219, 226.

The plaintiff has earned its commission. The finding shows that the plaintiff procured a customer who was both willing and financially able to pay, and who agreed to give, $5,600 for the defendants' property, which price they accepted. After the plaintiff had fully completed the arrangements necessary to make a transfer, Baum and his wife refused to make a deed of it unless they were paid $5,800 in cash.

It was contended on behalf of the defendants that the plaintiff could not recover its commission because the property in question had not been actually conveyed.

The broker's right to a commission is not affected by the fact that the deed from the defendants was not drawn up and executed. This was a matter for the defendants, and on which the plaintiff's right to a commission is not dependent. *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 478, 479, 57 N. E. 1000. See *Smith* v. *Peyrot,* 201 N. Y. 210, 214, 94 N. E. 662, and cases cited above. The broker had done all that it could. It rendered the stipulated service, and through no fault upon its part the matter was not completed. The efforts of the plaintiff were rendered futile by the refusal of the defendants to convey their property, and therefore they should not be allowed to say that the plaintiff had not performed its contract.

It is also urged that the plaintiff is not entitled to any commission because it does not appear that a sale was made to the satisfaction of the defendants. The repudiation of the acceptance, a few days after it was made, by the defendants did not affect the plaintiff's claim for remuneration. The acceptance by the defendants of the proposition made by Ruchkowski and his wife is conclusive as to the former's satisfaction with the offer. There is nothing shown but that the contract might not have been consummated had the defendants been ready to give a deed and perform their part of the contract. There had been no bad faith, fraud, or misconduct upon the part of the plaintiff.

The defendants based their refusal to convey upon the ground that they would not make the transfer unless they received $5,800 in cash. Under such circumstances it is unnecessary to cite authorities to show that the plaintiff can recover, although it is not expressly found that the defendants' refusal to convey was dishonest, arbitrary, or capricious.

As has been seen, it became a material question in the trial of the case whether or not Ruchkowski and

his wife were ready and willing to make a purchase of the defendants' property upon the terms hereinbefore set forth. In this connection the plaintiff offered in evidence a duly executed note, and mortgage to secure the same, signed by Ruchkowski and his wife, upon the property of the defendants. These documents would have been necessary to complete the arrangements made with the defendants if they had transferred their property as they had agreed to do. This evidence was admissible. In a case like the present, where it was important to show the willingness to perform of those who had made an offer for the property, proof of this kind may be of special weight. Upon an inquiry as to the state of mind or disposition of a person at any particular period, his acts and declarations are admissible. They are a part of the *res gestæ.* 1 Greenleaf on Evidence (10th Ed.) § 108, p. 124; *Vivian's Appeal,* 74 Conn. 257, 261, 50 Atl. 797.

Upon the trial Frank H. Alford was called as a witness for the plaintiff, and having testified in chief that he conducted the negotiations for the sale of the defendants' property for $5,600, was asked, upon cross-examination, if the purchaser was willing to buy at "fifty-six." The witness replied that he did buy at "fifty-six." Counsel for the defendants objected to this answer upon the ground that it was a conclusion for the court, and moved that the answer be stricken out. The denial of this motion is assigned as error. This answer was given upon cross-examination, in response to a question calling for the opinion of the witness. There was no danger that the court would be affected in its determination of the question of a sale by the conclusion of the witness as expressed in this statement. *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.,* 66 Conn. 67, 80, 81, 33 Atl. 604.

Eight of the reasons of appeal relate to alleged errors

in finding and refusing to find certain facts. Three of these assignments refer to statements in the defendants' request for a finding which were marked "proven" by the trial court. Statements in a draft-finding which are marked proven will be given the same force as if incorporated in the finding of the court. The claim for a correction of the finding by adding these matters was therefore unnecessary.

The defendants claim that the fact that Charles Baum, as agent for his wife, accepted the offer made by Ruchkowski and his wife, was found by the trial court without any evidence. An examination of this evidence, now before us, shows that this claim is without foundation. It appears that the testimony of Mrs. Baum alone fully warranted the finding upon this subject.

The court below finds that the defendant Charles Baum, acting for his wife, ratified the agreement made with Ruchkowski and his wife. The evidence does not clearly sustain this conclusion, but the finding, if corrected as desired in relation to this matter, would be of no avail to the defendants. There is no necessity for the ratification of an agreement by one who authorizes another to make it. As we have stated, it appears that Charles Baum was fully authorized by his wife to act for her in this matter. A correction of the finding which will not strengthen an appellant's claim of law will be denied. *Bristol* v. *Pitchard*, 81 Conn. 451, 454, 71 Atl. 558.

The other objections to the finding do not require special consideration.

There is no error.

In this opinion the other judges concurred.