GEORGE W. TEBO *vs.* ELMER D. WELD.

1. MASTER AND SERVANT—COMPENSATION.

When one employs another to do work for him, the employee, having performed the service, is entitled to the stipulated price, or, if none was agreed upon, to such sum as the work was reasonably worth.

2. BROKERS—COMMISSIONS—RIGHT TO.

To entitle a real estate broker to his commission, he must have effected the sale, or produced a purchaser ready, able, and willing to buy at the terms offered.

3. Brokers—Compensation—Right to.

Where a broker is the efficient cause of a sale made by the owner direct, or renders real and efficient service in procuring a sale, but is prevented by the act of the owner in selling the property direct for a lower price, he is entitled to recover what his services were reasonably worth.

4. Brokers—Compensation—Right to.

A broker, who agreed that the owner might sell the property during the time it was listed with him, cannot recover compensation for a sale made directly by the owner, of which he was not the procuring cause.

5. Brokers—Contract of Agency—Construction.

A landowner, by listing his property with a broker, does not, without an agreement to the contrary, deprive himself of the right to make a sale direct.

6. Brokers—Compensation—Right to.

Where an agency for the sale of land is not limited as to time, the broker has a reasonable time in which to make a sale, and a considerable delay in effecting it will not deprive him of the right to compensation.

(*October* 28, 1914.)

Pennewill, C. J., and Conrad and Heisel, J. J., sitting.
*James H. Hughes* for plaintiff.
*James M. Satterfield* for defendant.
Superior Court, Kent County, October Term, 1914.

Action of Assumpsit (No. 3, July Term, 1914), brought by George W. Tebo against Elmer D. Weld to recover commissions for services as real estate broker in the sale of defendant's farm.

The facts appear in the charge.

Pennewill, C. J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff, George W. Tebo, a real estate broker, against the defendant, Elmer D. Weld, for the recovery of compensation for services alleged to have been rendered by the plaintiff in the sale of a farm of the defendant.

The plaintiff claims that the defendant in May, 1912, placed his farm in his hands for sale at the price of sixty-five hundred dollars; that in pursuance of that agreement he rendered service by advertisement, personal solicitation, and in other ways in the endeavor to make a sale of the farm; that after endeavoring at various times and in various ways during the period of two years

to sell the farm, the defendant himself sold the farm to George L. Williams for the price of six thousand dollars, without notifying the plaintiff of any reduction in the price; that the defendant had during all the time the plaintiff was endeavoring to sell the farm, refused to take less than sixty-five hundred dollars, although the plaintiff had asked him to reduce the price. The plaintiff also claims that he had several talks with the purchaser, or his son-in-law who represented him, and tried to effect the sale, but the purchaser thought the price was too high.

The defendant admits that he placed his farm in the plaintiff's hands for sale at the price of sixty-five hundred dollars, but denies that the plaintiff had anything to do with the actual sale or that he was the procuring cause thereof. The defendant contends that he sold the farm himself, direct, and not through the plaintiff, and that he sold the farm for six thousand dollars, giving the purchaser the benefit of the commissions that would have been required to be paid if the farm had been sold by a real estate agent.

Such are the admissions and contentions of the parties, and it will be for you to determine under the evidence, which of these contentions are true and which are untrue.

It is the duty of the court to instruct you respecting the law applicable to the facts of the case.

[1, 2] In the first place we say to you as was said by the court in the case of *Tebo v. Mitchell,* 5 *Penn.* 356, 63 *Atl.* 327:

"When one employs another to do work for him, and the employee performs the work in accordance with the terms of the employment, the employee is entitled to recover the stipulated price, if such was agreed upon by the parties, or if no stipulated price was agreed upon, then he is entitled to recover such sum as the work was reasonably worth.

"To entitle one to recover commissions on the sale of real estate he must have been the agent of the seller, and he must have effected the sale, or conducted the negotiations to such a stage as to complete the bargain for the sale, so far as it depended upon his action or efforts to accomplish the sale.

"When the broker has brought to his employer a purchaser willing and able to purchase at the price and on the terms authorized by the employer, the broker's work is done, and he is entitled to his compensation and the employer's refusal to complete the purchase without the fault of the broker, will not prevent the recovery of his compensation."

[3] But even though the real estate dealer does not actu-

ally effect the sale, yet if the farm was placed in his hands by the owner for sale, and the dealer acting thereunder rendered services which were the procuring cause of the sale which is made by the owner direct—that is by himself, then the agent would be entitled to recover such sum as the jury believe those services were reasonably worth.

And we further say, if you believe that the plaintiff acting as the agent of the defendant, rendered real and efficient service in the matter of the sale of the farm for a certain price, and was prevented from effecting the sale by the act of the owner in selling the farm for a lower price to the person with whom the plaintiff had been negotiating, and the plaintiff had no knowledge that the defendant was willing to sell for such price, then the plaintiff would be entitled to recover, not commissions, but such sum as his services were reasonably worth.

If you are not satisfied that the plaintiff effected the sale, or that his services were the procuring cause of the sale, or that he was prevented by the defendant from making the sale after he had rendered real and efficient service in the effort to make the sale to purchaser, your verdict should be in favor of the defendant.

[4, 5] If the plaintiff agreed that the defendant might sell the farm himself during the time it was in the plaintiff's hands, and sale was not procured by and through services rendered by the plaintiff, then your verdict should be in favor of the defendant. And we may also say that the defendant had the right to negotiate for the sale of his farm independent of the broker with whom the farm was listed, in the absence of an agreement to the contrary; and if in the sale the service of the agent was not the procuring cause, the plaintiff could not recover.

[6] Where no time is fixed by the contract, the broker is allowed a reasonable time within which to make the sale. The right to his commission is not affected by the fact that after he has found a purchaser there has been a considerable delay in completing the sale when a sale is finally made, and there is a continuous connection between the steps taken by the agent, and the agent has all along been connected with the negotiations. 23 *Am. & Eng. Ency. of Law* (2d Ed.) 904.

You have heard the evidence gentlemen, and after applying to the evidence the law as we have stated it, you must determine whether the plaintiff is entitled to any compensation for the services which he claims to have rendered; and if you conclude that he is entitled to anything, then you must decide what those services were reasonably worth.

Verdict for defendant.