## LOUIS DWORSKI *vs.* RICHARD C. LOWE.

Third Judicial District, New Haven, June Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Findings of fact upon conflicting evidence will not be disturbed by this court upon appeal; and this is especially true where, as in the present case, the printed record indicates that the appearance and demeanor of the interested witnesses might very properly have influenced the conclusions reached.

A real-estate broker who secures a customer who is ready, able and willing to buy the property upon the terms and conditions prescribed by its owner, is entitled to his commission, though the sale finally falls through because the owner subsequently refuses to sell on such terms and seeks to impose additional conditions. Under such circumstances it is immaterial, so far as the right of the broker to his commission is concerned, whether the customer was legally bound to carry out his contract or not; for until he refuses to perform it the question of his legal liability cannot arise.

Evidence of a conversation between a representative of the customer and of the landowner, in the absence of the broker and after the sale, once agreed upon, had been abandoned, is not admissible to affect the right of the broker in an action by him for his commission.

The terms of a sale of real estate may be fully agreed upon in detail, as the trial court found in the present case, notwithstanding the fact—which was also found—that a bill of sale, referred to in the written agreement as having been delivered to one of the parties, was never actually executed. It is enough if the list of the personal property to be included therein had been agreed upon and reduced to writing before the contract for the sale of the realty was signed.

Argued June 3d—decided November 10th, 1914.

ACTION to recover the reasonable worth of services as a real-estate broker, brought to and tried by the Court of Common Pleas in New Haven County, *Booth, Acting-Judge;* facts found and judgment rendered for the plaintiff for $750, and appeal by the defendant. *No error.*

*Matthew A. Reynolds* and *James E. Connor, Jr.,* for the appellant (defendant).

*Samuel Campner,* for the appellee (plaintiff).

Dworski *v.* Lowe.

BEACH, J.   Plaintiff, a real-estate broker, was employed by defendant to find a purchaser for his farm, and as the result of plaintiff's efforts the defendant signed and delivered a written agreement, Exhibit A, to sell the farm to one Strachansky for $15,000, of which $200 was paid as deposit on the purchase price at the time of the execution and delivery of the writing. A further payment of $800 cash was to be made when the warranty deed was given, and the purchaser was to give back a mortgage for the remaining $14,000. Subsequently a dispute arose between the parties, the sale was abandoned, and the $200 deposit returned.

The trial court has found that the purchaser was ready, willing and able at all times to purchase the farm on the terms and conditions contained in Exhibit A, and that the sale was not consummated because the defendant insisted upon changing the conditions prescribed by him in Exhibit A, and not by reason of any default of Strachansky.

The defendant excepts to these findings, as made without any evidence; but it appears to us after carefully examining the testimony that the trial court was justified in reaching these conclusions of fact.   The evidence is conflicting, and the testimony of the purchaser, Strachansky, taken by itself, would justify the contention that he was ready to complete the purchase only upon conditions not clearly identified in his testimony. Other testimony, however, indicates that the conditions insisted on by Strachansky were none other than those already agreed on and referred to in Exhibit A; and that the only reason why the sale fell through was that the defendant, after consulting counsel, concluded that Exhibit A did not sufficiently secure him against loss, and attempted to impose further conditions not contained in or referred to in Exhibit A.

In this condition of the record we would not be jus-

tified in sustaining the exceptions to paragraphs fourteen, fifteen, seventeen and eighteen of the finding. Moreover, the printed record indicates that the trial was peculiarly one in the course of which the court might properly have been influenced by the appearance and demeanor of some of the interested witnesses.

It is also contended by the defendant that the terms of the sale were never fully agreed on in detail. This contention is based on the fact found by the court, that a certain conditional bill of sale, referred to in Exhibit A as having been delivered to the defendant, was never in fact executed. But although no such bill of sale was executed, Exhibit A indicates that its terms had been agreed on, and several witnesses testify to the fact that a list of personal property to be included therein had been agreed on and reduced to writing before the execution of Exhibit A.

The court did not err in excluding evidence of a conversation between a representative of the purchaser and the defendant, in the absence of the plaintiff and at the time when Exhibit A was returned to the defendant after the sale had been abandoned. This conversation was claimed for the purpose of showing that the parties had never reached a complete agreement; but the plaintiff's rights could not be affected by anything which the parties said in his absence at that late day.

Defendant further relies on the claim that the plaintiff is not entitled to his commission because the purchaser did not sign a written contract to buy the farm; but the finding that the purchaser was at all times ready, able and willing to complete the purchase on the terms agreed on, and the finding that the sale was not completed because the defendant refused to sell on such terms, make it immaterial whether the purchaser was legally bound to carry out his contract or not. The broker is of course bound to find a customer who is

ready, able and willing to buy on the owner's terms. If he does this, and the sale then falls through because of the discovery of a defect in the seller's title (*Clark* v. *Thompson & Son Co.*, 75 Conn. 161, 52 Atl. 720), or because the seller refuses to carry out his agreement (*Notkins* v. *Pashalinski*, 83 Conn. 458, 76 Atl. 1104; *Home Banking & Realty Co.* v. *Baum*, 85 Conn. 383, 82 Atl. 970), he has earned his commission. The question whether the buyer's contract is or is not enforceable at law, does not arise unless and until the buyer refuses to perform it.

There is no error.

In this opinion the other judges concurred.