JOHN HELDMYER, JR., *vs.* HENRY CLEAVER.

*(April* 8, 1918.)

1. EVIDENCE—LOST CONTRACT—SECONDARY EVIDENCE.
     Testimony of witness that, according to his best recollection, he had given duplicate copy of contract involved to B., that he had learned that B. would make a search, and if he could find the copy would mail it in time for trial, and that neither copy nor any communication had been received from B., was insufficient to make secondary evidence admissible.

2. EVIDENCE—HEARSAY—SEARCH FOR MISSING PAPER.
     Plaintiff having testified that he had, during noon recess, communicated with B., over the telephone as to a missing paper, question as to what B. said about search *held* not objectionable as hearsay.

3. EVIDENCE—LOST CONTRACT—SEARCH—EVIDENCE.

Testimony of witness *held* to show that a reasonable search had been made for lost contract, so that secondary evidence was admissible.

4. MASTER AND SERVANT—WORK AND LABOR—RECOVERY FOR SERVICES— AMOUNT.

Employe, who performs work according to terms of employment, is entitled to recover stipulated price, or, if there is no stipulated price, such sum as the work is reasonably worth.

5. BROKERS—COMMISSION— COMPLETION OF SALE.

To be entitled to compensation from seller of real estate, broker must have been seller's agent, and must have effected the sale, or conducted the negotiations to such stage as to complete the bargain for the sale, so far as it depended upon his action or efforts.

6. BROKERS—COMMISSION—COMPLETION OF SALE.

If plaintiff, as agent of defendant, brought defendant and another together, and they came to an agreement for the sale and purchase of the defendant's farm, plaintiff's right to compensation for his services, in the absence of any misrepresentations as to ability of purchaser, would be established, though the purchaser, subsequently refused to comply with the terms of the sale.

7. BROKERS—MISREPRESENTATIONS—QUESTIONS FOR JURY.

Question of purchaser's ability to comply with terms of sale, and whether any misrepresentations were made by plaintiff, real estate broker, as to his ability, *held*, under the evidence, for the determination of the jury.

BOYCE and CONRAD, J. J., sitting.

*Levin Irving Handy* for plaintiff.

*Richard S. Rodney*, (of Saulsbury, Morris and Rodney) for defendant.

Superior Court, New Castle County, March Term, 1918.

ACTION OF ASSUMPSIT, No. 28, March Term, 1917.

Action by John Heldmyer, Jr., against Henry Cleaver. Trial by jury. Verdict for plaintiff.

The action by the plaintiff was to recover for services which, as a real estate broker, he had rendered the defendant in the sale of a certain farm.

The declaration, in assumpsit, contained a special count on an alleged agreement entered into between the plaintiff and the defendant for the sale of a certain farm, on the basis of three per cent. commission on fifteen thousand dollars, the price the defendant asked for the farm, and also the common counts.

It was proved that the plaintiff, on or about the sixth day of May, A. D. 1916, brought to the defendant one Morgan, of the state of Maryland, as a purchaser for the farm, and to whom, on the same day, the defendant sold the farm for fifteen thousand dollars, five hundred dollars being paid down by check and the balance was to be paid on or before July first following. And in confirmation of the sale the defendant and M. entered into written agreements in duplicate—one of which was retained by the defendant and the other was delivered to M., who, on the following day, stopped payment of the said check, and testified at the trial, in answer to the question, "Why was it you did not finally comply?" "Well, I just thought it was a little too much, more than I was able to shoulder, and I just stopped right there."

The defendant afterwards sued M. on the said check, in the courts in Maryland, and had a recovery for the full amount thereof; and waiting until after July first sold the farm to another.

Pursuant to previous notice, Mr. Handy for plaintiff, called upon Mr. Rodney, for defendant, to produce the said agreement of sale. Mr. Rodney not being able to do so, Mr. Handy sought to prove the terms of the agreement by M.

Objection was made on the ground that, when an instrument in writing is executed in duplicate, the loss of each must be shown in order to let in secondary evidence. The objection was sustained. M. then testified that he did not have the duplicate copy of the contract, but according to his best recollection he had given the same to Mr. Barrall, his attorney in Maryland. The plaintiff, being called, testified that he had a few days before conversed with Mr. Barrall over the telephone, in Mr. Handy's office, and learned from Mr. Barrall that he would make a search for the contract, and if he could find it he would mail it to Mr. Handy in time for use at this trial, and that neither the contract nor any communication had been received from Mr. Barrall. It was again sought to prove the contents of said agreement by M. Objection was made on the ground that reasonable diligence of search for the paper had not been shown.

BOYCE, J.: [1] The inquiry made of Mr. Barrall, and the reply received, do not show any search made by him for the

paper in question, or that it is not in his possession. Proof of search or loss of the paper has not been made. The objection is sustained.

At the afternoon session, the plaintiff was recalled, and asked by his counsel whether he had, during the noon recess, at the request of M., communicated with Mr. Barrall over the telephone as to the missing paper, and, answering that he had, he was asked:

"What did Mr. Barrall say to you in that conversation which you had for Mr. Morgan at the recess of the court about any search, if any, he had made for the contract between Mr. Morgan and Mr. Cleaver?"

The question was objected to as hearsay.

BOYCE, J.: [2] The reply in instances of this kind is not used as hearsay testimony to the loss of the paper in question, but merely as indicating that reasonable search has been made for the missing paper. 1 *Greenleaf on Evidence* (*16th Ed.*) § 563B., *note* 9. For this purpose, we overrule the objection. The witness may answer the question.

"A. I told Mr. Barrall I was calling up about the paper Mr. Handy referred to last week in his office, and he said he had made a very careful search for it, but could not find it; that he did not write Mr. Handy, because he told him that if he found it he would send it to him, and not being able to find it he did not write; but if they wanted him he would come and testify.

"Q. You say you wrote the contract yourself for Mr. Morgan and Mr. Cleaver? A. Yes, sir.

"Q. What were the contents of it?"

Objection was made on the ground that sufficient diligence had not been shown in searching for the lost paper to admit secondary evidence.

BOYCE, J.: [3] The court is of the opinion that a reasonable search has been shown. The objection is overruled. Take the answer of the witness.

"A. The agreement was drawn up by me between Mr. Morgan and Mr. Cleaver, and the purchase price for the farm was $15,000. Mr. Morgan paid $500 by check upon the signing of the agreement and the balance was to be paid at a certain time—I don't recall the date. It was satisfactory to both of them, and they both signed it, and Mr. White signed it as a witness to their signatures."

The defendant admitted that he agreed to pay the plaintiff three per cent. commission on the purchase price, if he succeeded in selling the farm; but he understood the agreement between them to mean that he would pay the commission when he had received the purchase price. He also stated that he accepted Mr. Morgan as the purchaser of the farm and as financially able to comply with the terms of the contract of sale.

BOYCE, J., charging the jury:

[4, 5]  This action is brought by John Heldmyer, Jr., a real estate broker, against Henry Cleaver, for the recovery of compensation for services alleged to have been rendered by the plaintiff for the defendant in the sale of a certain farm. The plaintiff demands the sum of four hundred and fifty dollars, or three per cent. of the price for which he claims he effected the sale of the farm. When one employs another to do work for him, and the employe performs the work in accordance with the terms of the employment, the employe is entitled to receive the stipulated price, if such was agreed upon by the parties; or, if no stipulated price was agreed on, then he is entitled to recover such sum as the work is reasonably worth. To entitle a real estate broker to recover compensation for the sale of real estate of another, he must have been the agent of the seller, and he must have effected the sale or conducted the negotiations to such a stage as to complete the bargain for the sale so far as it depended upon his action or efforts to accomplish the sale.

[6]  If, in this case, the plaintiff as the agent of the defendant brought Morgan and the defendant together, and if they came to an agreement for the sale and purchase of the farm, the right of the plaintiff to compensation for his services, in the absence of any misrepresentations as to the ability of the purchaser to comply with the terms of sale agreed upon, became established, though the purchaser subsequently refused to comply with the terms of the sale; for when the plaintiff brought to the defendant a purchaser willing and able to purchase the farm at the price authorized and agreed upon between the seller and the purchaser, the plaintiff's work was done and he became entitled to his compensation. And the purchaser's refusal to complete the purchase,

without the fault of the plaintiff, will not prevent the latter from · recovery of his compensation.

[7]  In respect to the question of the purchaser's ability to comply with the terms of sale, and whether any misrepresentations were, in fact, made by the plaintiff, are matters for the determination of the jury under the evidence before them.

If you should be satisfied from a preponderance of the evidence that the plaintiff did perform the services which he had agreed to do for the defendant, then your verdict should be for the plaintiff for such sum as the defendant agreed to pay; or, if there was no specific sum agreed upon between the parties, then for such amount as you may find such services were reasonably worth. *Tebo v. Mitchell,* 5 *Pennewill* 356, 63 *Atl.* 327.

Verdict for plaintiff.