(Decided 30th June, 1869.)

---

BENJAMIN W. RICHARDS, Executor of THOMAS T. BYRD *vs.* JOHN J. JACKSON.

### *Commissions of a Real Estate Broker.*

To entitle a real estate broker to his commissions, he must produce a person who actually purchases the property, by complying with the terms agreed upon, unless his failure to do so is occasioned by the fault of the vendor.

APPEAL from the Court of Common Pleas.

This action was brought by the appellee against the appellant's testator, in his lifetime, to recover for services rendered as a real estate broker. The appellee was employed by Byrd to procure a purchaser for certain premises, No. 51 Courtland street, to be sold in fee simple for $5,000. The appellee found one Albert A. Johnson who was willing to purchase, and who, on the 10th of August, 1865,

entered into a written contract to purchase the property for the sum of $3,500, subject to a ground-rent of $90 per annum. The purchase-money was to be paid in cash at the time of the execution of the deed, and the purchaser was to forfeit $250, in the event of not complying with the requirements of the contract. Byrd and his wife assented to the contract, and received $40 from Johnson, which they agreed to refund in case there should be any defect in the title, to prevent them from giving him a clear deed. Johnson refused to pay the purchase-money, because he was advised by his counsel that the title was not good, and for no other reason. Byrd and his wife were ready and willing to convey their interest in the property to Johnson, on the payment of the purchase-money. Subsequently, Byrd sold the same premises to one Crothers for $5,000, in fee—$3,500 was paid in cash, and the balance was to be paid when the title was made satisfactory to the counsel of the purchaser; Byrd entering into bond with security, to have the title made good. The objection to the title arose upon the construction of the will of Mrs. Neilson, the mother of Mrs. Byrd. Proceedings in equity were instituted by Byrd and wife, with the concurrence and submission of Crothers, for a specific performance of the contract of sale. The Superior Court of Baltimore City decided that Mrs. Byrd had a clear title in fee to the property, and decreed that Crothers should complete his contract by payment of the purchase-money.

*Exception:* The plaintiff asked the Court to instruct the jury substantially, as follows:

If they believe that the plaintiff, as a property broker, was employed by the defendant's testator to sell a house and lot in the city of Baltimore, and that the plaintiff procured a purchaser for said premises, who was accepted by the defendant's testator, and who made the contract in writing offered in evidence, with said defendant's testator, for the purchase of the said premises, that then the plain-

tiff is entitled to recover a reasonable remuneration for his services, although they may find that the purchaser subsequently refused to complete the purchase, because of advice given to him by his legal adviser to the effect that a clear title could not then be conveyed. And in ascertaining what would be a reasonable remuneration for the services rendered by the plaintiff, the jury may consider the rate of compensation usual and customary in said city for services of the like kind.

The defendant asked the Court to instruct the jury, that if they found certain facts disclosing the title of Mrs. Byrd to the property in question, and that Johnson refused to complete the purchase thereof, and to pay for said property, on the ground that Mrs. Byrd's title thereto was not good, then the plaintiff had not earned a commission by the contract made with Johnson, and he could not recover anything for making such contract. The Court (GAREY, J.,) granted the plaintiff's prayer, and rejected the prayer of the defendant. To this ruling the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*P. H. Winston, Jr.* and *Wm. Shepard Bryan*, for the appellant.

*Spotswood Garland* and *Albert Ritchie*, for the appellee.

BRENT, J., delivered the opinion of the Court.

We have very carefully considered the argument of the counsel for the appellee, in which he urges, with great zeal and ingenuity, that the case of *Kimberly vs. Henderson & Lupton*, 29 *Md.*, 512, should be overruled. He has failed to convince us that there is any error in that de-

cision. It is fully sustained by the authorities cited in the opinion, and, we think, correctly states the law.

It is there held that a broker, employed to sell real estate, must produce a person who ultimately becomes a purchaser, before he is entitled to his commissions. It is not sufficient that he should enter into an agreement to purchase, but he must actually purchase, by complying with the terms agreed upon, unless his failure to do so is occasioned by the fault of the vendor.

In this case, as in *Kimberly vs. Henderson & Lupton*, the person introduced by the broker entered into an agreement to purchase, but he afterwards failed to consummate it.

There can be no doubt that the title of the vendor was a valid one, and there is, therefore, no force in the position taken by the appellee, that the failure to consummate the purchase was occasioned through the fault of the vendor, who did not sell a good title.

As, therefore, the appellee failed in introducing to Byrd a person who ultimately became the purchaser of the premises, which he had employed him to sell, there was error in the instruction of the Court below, and the judgment must be reversed. The reversal will be without procedendo, as the record discloses a case in which the appellee, who was plaintiff below, is not entitled to recover.

*Judgment reversed.*

(Decided 30th June, 1869.)