WHITAKER *v.* ENGLE.[1]

1. PLEADINGS AND PROOFS—VARIANCE.
   That plaintiff's proofs disclose a right of action for commissions due on an *exchange* of real estate, whereas his bill of particulars in justice's court claimed commissions upon a *sale*, does not constitute a fatal variance, where the defendant has been in no way misled by the pleading.

2. REAL-ESTATE AGENTS—COMMISSIONS—WHEN EARNED.
   An agent's right to recover commissions on an exchange of land is *prima facie* established by proof that defendant agreed to pay commissions if a person having satisfactory property to exchange should be secured, and that the agent found such a person, with whom the defendant executed a contract for the exchange of the lands in question.

3. TRIAL—PRIMA FACIE CASE—RULING THEREON.
   It is not error for the court to decide, at the plaintiff's request, as to whether or not he has established, *prima facie*, a right to recover, although plaintiff makes the request before resting his case.

[1] Rehearing denied January 12, 1897.

4. SAME—FALSE TESTIMONY—INSTRUCTIONS.
   A request for an instruction that, if the jury should be-
   lieve that the plaintiff testified falsely on any material point,
   they might consider that fact in weighing the rest of his tes-
   timony, is covered by a general instruction to the effect that,
   if any of the witnesses testified falsely in any particular, the
   jury should consider that fact, and weigh the testimony as to
   that as they would any other fact in the case.

Error to Wayne; Lillibridge, J. Submitted November 10, 1896. Decided December 18, 1896.

*Assumpsit* by William Whitaker against Seth E. Engle for a commission on an exchange of real estate. From a judgment for plaintiff, defendant brings error. Affirmed.

*Seth E. Engle, in pro. per.*

*A. Ward Copley (Charles R. Whitman,* of counsel), for appellee.

GRANT, J. This suit involves the right of the plaintiff to recover the commission on an exchange of real estate which plaintiff claims he effected between the defendant and a third party. He recovered a verdict of $333.41. The claims of the respective parties, as submitted by the court to the jury, are as follows:

"Plaintiff claims that defendant entered into an agreement to pay him 2 per cent. for commission for selling or exchanging his property on Lincoln avenue, in this city, for some other property; that defendant asked him what commission he would charge for the sale of this property; that he replied 2 per cent. for sale or exchange; that defendant said he would be willing to pay him 2 per cent., provided that he could bring a man who had property which was satisfactory to him. It is undisputed in this case that afterwards the plaintiff did bring together Mr. Engle and Mr. Elmer H. Stone, and that Engle and Stone made a contract.

"The defendant denies that he made any such agreement, but claims that the agreement was that, if plaintiff

would exchange his property on Lincoln avenue, having a $5,500 incumbrance on it, for other improved property having less incumbrance on it, he would pay him 1 per cent.; that, if plaintiff brought him a customer who would pay cash, he would pay plaintiff 2 per cent.; if he brought him a customer who had vacant lots without any incumbrance on them, it would be an exchange for that property, and he would give him 1 per cent.; and if he brought him a customer who offered him an exchange of vacant lots with the same amount of incumbrance on them which was on the Engle house, he would not pay him anything."

The testimony of the parties as to the terms of the contract is in direct conflict, each giving testimony to support his claim. Plaintiff did bring the parties together, and they executed a contract. This contract the parties, it seems, did not carry out on account of certain disagreements between them. They attempted to execute another contract, but failed.

1. This was the second trial of the case, and the defendant insists that the plaintiff tried his first case upon a different theory from that claimed upon the second trial. His testimony upon the first trial was made a part of the record, and we find nothing in it to show any inconsistency.

2. Defendant insists also that there was a variance between the declaration and the proofs. The suit was commenced in the justice's court, where the declaration was on the common counts, with bill of particulars, as follows:

July 15, 1893, to commissions on $10,500, at 2 per
cent._____ _____ _____ _____ $210
And "specially for commission on sale of real estate,"
claims damage_____ 300

Defendant demurred to this declaration in justice's court, and asked for a more specific statement. This was overruled. The defendant refused to plead, judgment was taken, and on appeal to the circuit court he pleaded the general issue. There is no claim that defendant was misled by the pleadings. The fact that it was called a com-

mission on "sale," instead of "exchange," is not fatal. In one sense, it was a sale of the defendant's property. Such technical objections will not be considered where defendant is not and cannot be misled.

3. Complaint is made that the plaintiff was permitted to make his case by "piecemeal," and that the court held at the close of the plaintiff's testimony on his direct examination that he had made out a *prima facie* case. Plaintiff had testified to his contract with defendant, that he had brought Engle and Stone together, and that they had drawn up and executed a contract, and that Engle then said, "It is all right." Plaintiff's attorney then asked the court to decide whether he had made a *prima facie* case. While this may be somewhat unusual, we find in it no error.

4. Complaint is made that the court erred in refusing to instruct the jury, "If you believe that plaintiff testified falsely about not having an agreement from Stone for a commission, or as to any other material fact, you may consider that in weighing the rest of his testimony." The court, in his general instruction, covered this point by instructing them that, "If any of the witnesses testified falsely in any particular, you should consider that, and weigh their testimony as to that as you would any other fact in the case."

We find no error upon the record, and the judgment is affirmed.

Long, C. J., Montgomery and Hooker, JJ., concurred. Moore, J., did not sit.