MARK C. MEAGHER ET AL. *vs.* PAULINE REENEY.

First Judicial District, Hartford, March Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A real-estate agent employed to procure a customer at a given price, has earned his commission when he procures a customer whom his client accepts and with whom his client enters into a binding contract for the sale of the property, either on the terms originally fixed or upon others satisfactory to the vendor, even though the customer later refuses to carry out his part of the contract.

Argued March 9th—decided April 5th, 1921.

ACTION by a real-estate broker to recover a commission, brought to and tried by the Court of Common Pleas in Hartford County, *Markham, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error; judgment to be entered for plaintiff.*

The defendant employed the plaintiffs as real-estate brokers to procure a purchaser for certain real property in the city of Hartford at a price of $19,500, and agreed to pay the plaintiffs a commission of two per cent on the purchase price. The plaintiffs procured customers who entered into a written contract under seal with the defendant for the purchase of the property, and

paid down the sum of $200. Subsequently they refused to carry out their part of the contract, claiming that the defendant had misrepresented the amount of rentals received from the property, and the question is whether the plaintiffs are entitled to their commission notwithstanding such refusal.

*James W. Knox,* for the appellants (plaintiffs).

*Joseph Barr,* for the appellee (defendant).

BEACH, J. The trial court finds that the defendant did not understand the English language, that she could not write, and that she never fully understood a bond for a deed; but the case went to trial on a general denial of the allegations of the complaint, and these findings are entirely outside of the issues. The single question of law raised by the appeal is whether a real-estate agent employed to procure a customer at a given price, has earned his commission when he procures a customer with whom his client enters into a binding contract for the sale of the property, either on the terms originally fixed or upon others satisfactory to the vendor.

Upon principle it would seem that a broker has fully performed his task when he brings the parties to an enforceable agreement, and in this case the agreement is one of which a court of equity might decree specific performance at the instance of either party. The case is practically controlled by *Leete* v. *Norton,* 43 Conn. 219, and in other jurisdictions the law is well settled. After the broker has produced a customer who professes to be ready, able and willing to buy the property on the terms fixed, it is, as was said in *Francis* v. *Baker,* 45 Minn. 83, 47 N. W. 452, "for the principal then to decide whether the person presented is ac-

ceptable; and if, without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, either upon the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor [citing cases]. In fact the authorities are all one way on this question, the only apparent exception being *Richards* v. *Jackson,* 31 Md. 250." See also *Ward* v. *Cobb,* 148 Mass. 518, 20 N. E. 174; *Coward* v. *Clanton,* 122 Cal. 451, 55 Pac. 147; *Veazie* v. *Parker,* 72 Me. 443; *Whitaker* v. *Engle,* 111 Mich. 205, 69 N. W. 493; *Wilson* v. *Mason,* 158 Ill. 304, 42 N. E. 134; *Plant* v. *Thompson,* 42 Kan. 664, 22 Pac. 726; and the elaborate note to *Lunney* v. *Healey,* 44 L. R. A. 593 (56 Neb. 313, 76 N. W. 558).

There is error, the judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff for $376, with interest from February 12th, 1920.

In this opinion the other judges concurred.