THE CONNECTICUT IMPORTING COMPANY *v.* JOSEPH JANOWITZ ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 5—decided December 17, 1941.

*William B. FitzGerald,* for the appellant (named defendant).

*Francis McDonald,* for the appellant (defendant Gartzman).

*Arthur Klein,* with whom, on the brief, was *Robert J. Woodruff,* for the appellee (plaintiff).

JENNINGS, J. This case was brought on the common counts with bill of particulars to recover the value of liquor sold and delivered to Henry Gartzman and Joseph Janowitz, copartners, doing business under the name and style of the J. & J. Liquor Store in Waterbury. Gartzman's answer admitted the sale and delivery to him but denied the partnership. Janowitz' answer was a general denial. Each defendant filed two special defenses, alleging illegality in the sale. The second of these alleged that the sales on three of the dates specified in the bill of particulars, amounting to nearly half of the total, were induced by the offer of free merchandise contrary to § 21 of the regulations of the liquor control commission. The situation was fairly complicated but since the charge on this issue was erroneous only those claims of proof which relate thereto are noticed.

The plaintiff claimed to have proved that it is the holder of a wholesale liquor permit, that it sold and delivered the merchandise described in the bill of particulars to the defendants and that it neither promised nor gave any gifts or inducements to promote the sale of the liquor. The defendant Janowitz claimed that he was neither permittee, backer nor partner and much time was spent on this issue during the trial and appeal. For the reason stated, it is unnecessary to discuss that question. Both defendants claimed that three of the shipments were offered to them at reductions from the cost price to retailers as filed by the plaintiff with the commission, in violation of its

regulations, of which the plaintiff had actual knowledge, and as an inducement for their purchase.

The defendants complain of the failure of the court to charge that the violation of regulation 21 rendered the sales illegal. Regulation 21 was passed by the liquor control commission pursuant to the authority of General Statutes, Cum. Sup. 1935, § 1020c, which gives to such regulations "the same force and effect as law." It reads as follows: "Section 21. Inducements to purchase. No permittee shall, directly or indirectly, offer, furnish or accept any gifts, prizes, coupons, premiums or inducements with the sale or purchase of any alcoholic beverages." Janowitz by a written request to charge and Gartzman by an attempt to rely thereon and by argument claim that, in view of the finding that they offered evidence to prove that on three occasions the plaintiff cut the established price to induce a purchase, the jury should have been instructed that, if the defendants proved these allegations, the sales were in violation of law and void under General Statutes, Cum. Sup. 1935, § 1096c. This provides in part that "All contracts, conveyances, liens, attachments and securities, any part of the consideration of which has been the illegal sale of alcoholic liquor, shall be void," and that no action shall be maintained for its price. Another regulation (§ 38) of the commission reads, in part, as follows: "Every wholesaler or manufacturer permittee shall, five days before the first of each month, file with the Commission a list, in duplicate, of all alcoholic liquors for sale by such permittee showing the cost of such goods to retail permittees; and said list shall contain a suggested retail price. The cost to retailer prices shall remain in force for the next current month."

The court did not charge as requested but, on the

contrary, referred to the sale as a perfectly legal sale and instructed the jury that the inducements described had nothing to do with the right of the plaintiff to recover.

Whether or not the reductions from the established price were an inducement to purchase within the meaning of the regulation was an issue of fact which should have been submitted to the jury under proper instructions. If they were, the sales were rendered void by the terms of the statute and regulations cited. "The courts will not grant relief if the proof of an illegal contract is necessary to support the action or the purpose of the contract is to violate the law. *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423, 161 Atl. 856; *Tator* v. *Valden,* 124 Conn. 96, 102, 198 Atl. 169." *Ben-Burk, Inc.* v. *Bernstein & Kursman, Inc.,* 126 Conn. 503, 505, 12 Atl. (2d) 549. Under the regulations and the statute a contract for the sale of liquor brought about by an illegal inducement from the vendor to the vendee to make the purchase is void and no action can be brought to enforce it. In such a situation the vendor is seeking "to enforce a contract which *originated* in his own illegal instigation to the commission of a crime." *Treat* v. *Jones,* 28 Conn. 334, 338; *Connecticut Breweries Co.* v. *Murphy,* 81 Conn. 145, 151, 70 Atl. 450; *Smith* v. *Crockett Co.,* 85 Conn. 282, 287, 82 Atl. 569. The inducements claimed to have been given in this case were an integral part of the contract of sale. The *Ben-Burk* case, supra, on which the trial court apparently relied, involved the correctness of a ruling sustaining a demurrer to a somewhat similar defense. The facts were therefore not before the court and it was held that the allegations of inducements and bonuses, for all that appeared in the pleadings, were separate and distinct transactions from the sales them-

selves. See *Sagal* v. *Fylar,* 89 Conn. 293, 296, 93 Atl. 1027. In the case of the sales we are considering the inducement entered into the very contracts upon which a recovery is claimed.

While this error in submitting the case to the jury does not affect all of the items of the bill of particulars, our right to remand the case for a new trial, if error is found, is unqualified. General Statutes, § 5694. In this case we feel that a new trial of all the issues is necessary.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.