JOHN McHUGH *v.* LOUISE BOCK ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 3—decided April 14, 1948

*John D. Thoms,* with whom, on the brief, was *Albert J. Bronsky,* for the appellant (named defendant).

*Hugh J. McGill,* for the appellee (plaintiff).

P ER  C URIAM.   This is a suit for a broker's commission.  Judgment was for the plaintiff, and the named defendant has appealed.

The undisputed facts necessary to a decision can be briefly stated.  On May 17, 1946, the named defendant appointed the plaintiff her agent to sell her Waterbury property for $20,000 and agreed to pay him a commission of 5 per cent.  On June 27, 1946, he produced a customer, George Broder, who entered into a written contract with the defendant.  This contract read, in part:  "Received from George Broder the sum of five hundred dollars as a deposit to purchase the property of Louise Bock situated at 26 to 28½ Scovill St. for a purchase price of nineteen thousand dollars.  This deposit is part of purchase price. . . . Louise Bock agrees to assume a 1st mortgage of nine thousand dollars and the rest to be paid in cash.  On presentation of a good and sufficient title and deed within 30 days George Broder agrees to consummate this transaction otherwise this deposit will be held as liquidated damages for taking property off the market agents commission and other expenses incurred."  This paper was drawn up in longhand by the plaintiff under the direction of Broder and the defendant and signed by

both parties. The plaintiff is not a lawyer. Broder decided not to go through with the deal within the thirty days and so notified the defendant. On August 12, 1946, the defendant and Broder, on the advice of counsel, executed a mutual release, which recited also that Broder forfeited the $500 deposit and that the defendant accepted it as liquidated damages. In November, 1946, the property was sold to a third party through another agent for $20,400. The trial court concluded that the contract entered into was valid and could be specifically enforced, that the plaintiff had earned his full commission when the defendant and Broder executed the contract and that the question whether or not Broder was financially able to consummate the transaction was not of controlling importance.

The court also relied on *Leete* v. *Norton,* 43 Conn. 219, 226, where the facts are essentially similar to those of the present case. In the *Leete* case there was no finding as to the enforceability of the contract or the financial ability of the customer, and those factors are not mentioned in the opinion. The defendant placed real estate in the hands of a broker for sale or exchange. Another owner, Clinton, placed real estate in the same broker's hands for like purposes. The broker effected a written agreement between them for the exchange of the properties. It contained a provision that if either failed to perform he would pay to the other the sum of $500 as liquidated damages. Clinton failed to perform, and without the fault of the broker the exchange was not made. We held that the defendant had agreed to accept $500 in lieu of performance and would not be allowed to deny, as against the broker, that that payment was equivalent to performance, and that the broker was "entitled to the same compensation

as he would have been entitled to had the exchange been effected," that is, the agreed commission. The agreement in the present case was to the same effect, and there was the further significant provision that the sum fixed was, in part, liquidated damages for "agents commission." It also appears that the parties to the contract recognized its binding effect by the execution of the mutual release. On the authority of the *Leete* case the plaintiff is entitled to recover.

There is no error.