CHARLES BYROLLY v. MARTIN LEFKY ET AL.

COURT OF COMMON PLEAS        FILE NO. 9734
JUDICIAL DISTRICT OF WATERBURY

Memorandum filed June 16, 1948.

*Lawrence J. Matzkin,* of Waterbury, for the Plaintiff.

*James P. Sweeney,* of Naugatuck, for the Defendants.

FITZGERALD, J.   In the summer of 1947 the defendants were the owners of certain real estate in Naugatuck with a two-family house thereon.   They were desirous of selling this property.   Their original demand was $8,000 cash. The plaintiff, among other activities, is a real estate broker.   As such broker he received oral authority from the defendants to procure a customer for this property.   In early August, 1947, the plaintiff showed one-half of the house to a Mr. and Mrs. Verderame. The couple offered to buy the entire property for $7800.   The defendants agreed to do business on this figure.

On or about August 19, 1947, the parties met at the Naugatuck Building & Loan Association, hereinafter called the bank, for the purpose of enabling the Verderames to raise a purchase price mortgage.   It is found that the bank would loan $5300 to the Verderames on a first mortgage and that the couple had sufficient cash to pay the balance of the purchase price to the defendants.   At the conclusion of the conference, Mr. Verderame paid $100 to the defendant husband as a deposit.   A receipt in duplicate was drawn by the plaintiff.   One portion thereof, signed by the plaintiff as agent for the defendants, recites the amount of the deposit "on 2 family house at 110 Scott Street now owned by Martin Lefky;" and the last portion, signed by the Verderames, recites "Balance of $7700 to be paid when title search is completed on or before September 5, 1947."   No other writing was ever entered into between the parties.   One of the receipts was delivered to Mr. Verderame and the other retained by the plaintiff.

A day or two later Mr. Verderame decided not to complete the transaction.   The reason he advanced to the plaintiff and the defendants was that his wife was required to undergo a serious operation.   It was the plaintiff who suggested to him to ask the defendant husband for the return of the deposit.   He did so and was told it would be returned provided the defendants' own

doctor was allowed to examine Mrs. Verderame and verify the necessity for such operation. This proposition was not accepted and the deposit has never been returned. To date Mrs. Verderame has never undergone the operation. Subsquently, the Verderames bought other property and the defendants sold to another the property in question.

In passing, it is noted that on cross-examination Mr. Verderame testified that he did not see the other half of the house which was the subject of sale until after the conference at the bank and that he was dissatisfied with its appearance. At one point he strongly indicated that it was the appearance of the second half of the house which changed his mind as to the desirability of the undertaking, but later amended his position of refusal to complete the transaction as based solely on his wife's condition and necessity of an operation. Mrs. Verderame did not testify.

The bank was notified that the transaction would not be completed before its board of directors had acted upon the application for a loan to the Verdames secured by a mortgage upon the property. As already stated, the loan would have been made in due course because the property justified the investment.

The foregoing statements in the main constitute undisputed facts in the case and are sufficient to determine the question at issue. The question presented is whether the plaintiff is entitled to a commission of five per cent on $7800, that is to say, whether the plaintiff in law has demonstrated his right to recover such commission. That his commission would be five per cent on $7800 if he prevails is conceded.

Plaintiff has patterned his approach to the problem on the decision of this court in *McHugh* v. *Bock*, 15 Conn. Sup. 186, affirmed on appeal, 134 Conn. 519. It is considered that the cases are not comparable in essential particulars. In the case at bar there is no writing between the defendants as owners and the Verderames as buyers bearing the faintest resemblance to an enforceable written contract of sale and purchase between the parties. But that apart, the court is of the opinion that to allow a broker a commission on the facts in the case at bar would transcend reasonable limits and would result in the establishing of a rule of recovery giving rise to fraudulent subterfuges to the detriment of owners of property and to the benefit of dishonest brokers in conspiracy with equally dishonest purported buyers.

This statement is not to be interpreted as a finding that as between the plaintiff and the Verderames there was a conspiracy to jockey the defendants into paying a commission to be divided at a later date. Rather the statement is made to indicate the dangers which could develop if recovery of a commission were sanctioned on the facts here appearing.

Other cases cited by the plaintiff, and they are many, are not considered sufficiently in point as authority for awarding a commission. If brokers are to be held to have earned commissions on facts similar to those in the case at bar, then it is up to our Supreme Court to chart the course. The trial court should not attempt to do so. The *McHugh* case represents the present limits of such a recovery and, as stated, does not appear to sanction the allowance of a commission in this case. Directly stated, the case at bar does not fall within the scope of the *McHugh* case. Nor does it fall within the rule sanctioning recovery of a commission upon a showing that it was the owner of the property who refused to consummate the transaction and not the buyer, who remained ready, willing and able. See *Stagg* v. *Lawton*, 133 Conn. 203, 209, and cases cited.

Judgment may enter for the defendants to recover their costs. To counsel go the compliments of the court for their earnest endeavors.