THOMAS F. ROGERS, INC. *v.* SARAH HOCHBERG

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 1—decided November 29, 1955

*David R. Lessler,* for the appellant (defendant).

*Frank J. Hennessy,* for the appellee (plaintiff).

BALDWIN, J.   In this action for a real estate broker's commission, the court rendered judgment for the plaintiff, and the defendant has appealed. The following facts were found by the court: Judson and Claire Lang, husband and wife, owned a dwelling house on Bretton Street in Bridgeport. They were indebted to the defendant, who is the mother of Claire, in a substantial amount and wanted to make repayment.   They conveyed the property to her, and all agreed to call in a broker to sell it so that the defendant could be paid and any balance remaining could be divided between the Langs. The plaintiff, a real estate broker, was called, and all three conferred with him at the premises to be sold.   It was agreed that the plaintiff should be employed to sell the house for $17,000, cash, and that he would receive a commission of $500 for his services.   The defendant told the plaintiff that she owned the property.

On December 3, 1951, the plaintiff told the defendant that he had, as customers, the Camarros, who, he said, were ready, able and willing to pay $17,000, cash, for the property.   He took a deposit of $300 from them and had them execute an agreement providing for the sale of the property for $17,000 in cash, the balance above the deposit to be paid on January 3, 1952, when title was to be transferred. The defendant instructed the plaintiff to complete the mortgage financing and to arrange the closing for that date, which he did by securing the approval of an $8000 bank mortgage, by causing the title to be searched and by arranging the closing.   He noti-

fied the defendant several times that the contract was ready for her signature, but on January 7, 1952, she finally refused to complete the transaction. The Camarros were "ready, willing and able" to purchase the defendant's property upon her terms.

The defendant has assigned an error in the finding which is decisive of this appeal. She claims that there is no evidence to support the finding that the Camarros were "ready, willing and able" to purchase the property.

A broker earns his commission in a real estate transaction when he procures a customer who is ready, willing and able to purchase upon terms prescribed or accepted by the seller. *Pentin* v. *Gonsowski*, 138 Conn. 43, 48, 82 A.2d 157; *Dyas* v. *Akston*, 137 Conn. 311, 313, 77 A.2d 79; Restatement, 2 Agency § 445. The complaint alleges compliance with these requirements and the plaintiff has the burden of proving it. There is ample support for a finding that the Camarros were "ready and willing" to buy the defendant's property, so far as these words import their approval of the prescribed terms of sale. They had signified this approval by signing a contract document which the defendant refused to sign. However, this circumstance is not proof of their financial ability to complete the transaction. The plaintiff has failed in this respect to establish a right to a commission. The decision of the case at bar is not controlled by such authorities as *Provost* v. *McCarthy*, 136 Conn. 447, 72 A.2d 231, *McHugh* v. *Bock*, 134 Conn. 519, 58 A.2d 740, *Meagher* v. *Reeney*, 96 Conn. 116, 113 A. 169, and *Leete* v. *Norton*, 43 Conn. 219, wherein both the buyer and the seller had executed a contract of purchase and sale and which, therefore, present an entirely different situation. The finding must be corrected, and, as corrected, it

does not support the court's conclusions. Accordingly, the judgment must be set aside and a new trial ordered.

The defendant claims that a judgment should be entered in her favor upon the finding as corrected. The power of this court to remand a case for a new trial where error is found is unqualified. General Statutes § 8006; *Connecticut Importing Co.* v. *Janowitz,* 128 Conn. 433, 437, 23 A.2d 514. Where corrections in a finding destroy the essential basis of the trial court's decision, a new trial is properly ordered. *Haugh* v. *Kirsch,* 105 Conn. 429, 432, 135 A. 568; *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 36, 170 A. 146; Maltbie, Conn. App. Proc., § 175.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.