LAWRENCE K. LESSER *v.* ALTNACRAIG CONVALESCENT HOME, INC.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued June 7—decided July 8, 1957

*Robert K. Lesser,* for the appellant (plaintiff).

*Edgar W. Krentzman,* with whom, on the brief, was *Jacob Mellitz,* for the appellee (defendant).

KING, J.   The plaintiff alleged in his complaint that under his brokerage contract with the defendant he was entitled to a commission "if [he] found a customer ready, able and willing to purchase the real property and other assets of the defendant corporation" upon the terms fixed by the defendant; that as a result of his efforts Alma J. Scofield and the defendant executed a contract of sale embodying such terms; and that Mrs. Scofield "was and is ready, willing and able to consummate the bargain and purchase said property, upon the terms submitted by the defendant." The defendant admitted the allegations as to the contract of brokerage and the execution by the defendant and Mrs. Scofield of the contract of sale but denied the allegation as to Mrs. Scofield's being ready, willing and able to carry out the terms of the contract of sale. In fact, the sale was never consummated.

The court, in effect, charged that the execution of the contract of sale between the defendant and Mrs.

Scofield, on the evidence as it had come in, established that, as had been alleged, she was ready and willing to buy the property but that the plaintiff had the burden of proving the allegation as to Mrs. Scofield's ability to carry out the terms of the contract and that this was really the only issue for the jury to determine. The plaintiff's appendix contains evidence that Mrs. Scofield was not able to pay in accordance with the terms of the contract. Unless the execution of the contract established as a matter of law that she was able to pay, there was ample justification for the jury's failing to find that she was.

The plaintiff filed no requests to charge and took but two exceptions. The second was without merit and was quite properly not included in the assignments of error. The first exception was as follows: "The exception I take is to the fact that we have to prove ability once there is a written contract." It will be assumed, for purposes of this appeal, that this exception is as broad as the motion for a directed verdict in the plaintiff's favor which was made at the close of the evidence. The grounds for this motion were (a) that the plaintiff was entitled to recover his commission as a matter of law because he had secured a customer who had executed a valid written contract with the seller for the purchase of the property on the terms agreed upon, and (b) that if it were necessary, in order to recover a commission, to establish ability of the buyer, the plaintiff had established it as a matter of law.

The plaintiff having alleged, and the defendant having admitted, that under his contract of employment he was entitled to a commission if he procured a customer ready, willing and able to buy on the prescribed terms, and the plaintiff having further

alleged, and the defendant having denied, that the customer who signed the contract of sale was ready, willing and able to buy on those terms, the plaintiff had the burden of proving the latter allegations, although, as previously noted, the court in effect charged that, as the evidence had come in, the only issue was that of Mrs. Scofield's ability to carry out the terms of the contract of sale.

It is immaterial whether, under other pleadings, the execution by the defendant and Mrs. Scofield of a valid contract for the sale of the property would have entitled the plaintiff to his commission under the rule of cases such as *Leete* v. *Norton,* 43 Conn. 219, 225; *Meagher* v. *Reeney,* 96 Conn. 116, 117, 113 A. 169; *McHugh* v. *Bock,* 134 Conn. 519, 521, 58 A.2d 740; *Provost* v. *McCarthy,* 136 Conn. 447, 449, 72 A.2d 231; and *Thomas F. Rogers, Inc.* v. *Hochberg,* 143 Conn. 22, 24, 118 A.2d 910. The pleadings here presented no such issue. *Levy* v. *Carter Rice & Co.,* 136 Conn. 216, 221, 70 A.2d 147. By his pleading, the plaintiff invited and induced the trial court to charge as it did, and he is therefore estopped from complaining that the court erred. *Rix* v. *Stone,* 115 Conn. 658, 664, 163 A. 258; *Hatch* v. *Merigold,* 119 Conn. 339, 343, 176 A. 266; *Blake* v. *Torrington National Bank & Trust Co.,* 130 Conn. 707, 709, 37 A.2d 241.

The complaint clearly alleged certain facts as elements of a cause of action, and the defendant's answer carefully, and with discrimination, admitted some of these allegations and denied others. On the issues thus framed the case was tried. During the trial the plaintiff put forth a theory of the case utterly inconsistent with the issues raised by his complaint. This he cannot do. *Krawitz* v. *Ganzke,* 114 Conn. 662, 664, 159 A. 897. It is imperative that the

court and opposing counsel be able to rely on the statement of issues as set forth in the pleadings. *Rose* v. *Van Bosch,* 119 Conn. 514, 518, 177 A. 565.

The second claim of the plaintiff is that the fact that the defendant signed the contract of sale is an admission which conclusively proves, as a fact, that the buyer was able to carry it out. The plaintiff bases this claim on language in *Thomas F. Rogers, Inc.* v. *Hochberg,* 143 Conn. 22, 24, 118 A.2d 910. That case held that the fact that a buyer signs a contract of sale is "ample support" for a finding that he is ready and willing to buy. This is a perfectly proper statement. In the present case, the plaintiff's exception to the charge, construing it most strongly in his favor, made the claim that as a matter of law the fact that the seller signed the contract of sale was conclusive proof of the buyer's ability to carry it out. Such a proposition is not supported in any way by the *Hochberg* case, supra, nor is it the law. The plaintiff can take nothing by this exception.

This discussion also disposes of the assignments of error based on the refusal of the court to direct a verdict for the plaintiff, on its refusal to set aside the verdict or to set it aside and render judgment for the plaintiff notwithstanding the verdict, and on the claims for correction of the finding.

There is no error.

In this opinion the other judges concurred.