CHARLES J. WALSH ET AL. *v.* RICHARD TURLICK ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued October 5—decided November 22, 1972

*Raphael Korff,* with whom, on the brief, was *Edward J. Behuncik,* for the appellants (defendants).

*John J. Darcy,* with whom, on the brief, was *John R. Curran,* for the appellees (plaintiffs).

LOISELLE, J. In this action, brought for a real estate broker's commission, the court rendered judgment for the plaintiffs and the defendants have appealed.

The defendants assign error in the refusal by the court to include in its finding eight paragraphs of the draft finding which they claim are undisputed. To secure the addition of a fact on this ground the defendants must refer in their brief to some part of the appendix, the pleadings or an exhibit properly before us which discloses that the plaintiffs admitted the truth of the fact or that its validity was conceded to be undisputed. *Stoner* v. *Stoner,* 163 Conn. 345, 347, 307 A.2d 146; *Barnini* v. *Sun Oil Co.,* 161 Conn. 59, 60, 283 A.2d 217; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; Maltbie, Conn. App.

Proc. § 158. Several of the requested additions to the finding are nowhere shown to be admitted or undisputed and, therefore, will not be added. *Vogel v. New Milford*, 161 Conn. 490, 491, 290 A.2d 231; *Martin v. Kavanewsky*, supra, 516. Of the remaining requested additions some were in fact included or are implicit in the finding. The finding need not be in language identical with the draft finding. *Blatt v. Star Paper Co.*, 160 Conn. 193, 201, 276 A.2d 786; *Aczas v. Stuart Heights, Inc.*, 154 Conn. 54, 55, 221 A.2d 589. The remaining claims are immaterial to our disposition of the appeal. No additions are warranted. *Barnini v. Sun Oil Co.*, supra, 61; *Charter Oak Estates, Inc. v. Kearney*, 160 Conn. 522, 525, 280 A.2d 885.

The defendants' claim that the finding, in part, was so arranged as to distort the actual facts is well taken and to that extent the finding is corrected.

The defendants attack as irrelevant two paragraphs of the finding. This assignment of error fails to allege that facts were found without evidence or were of doubtful meaning and does not comply with § 622 of the Practice Book. Furthermore, an examination of the paragraphs challenged establishes that these findings were relevant and properly found.

The following facts are in the finding, which is not subject to any further material change. The plaintiffs Charles J. Walsh and John A. Sturges were real estate brokers licensed under the laws of the state of Connecticut. On or before May 21, 1969, Ann Smith of the town of Fairfield was associated with the plaintiffs' firm, Walsh and Sturges, and was also a licensed real estate broker in the state of Connecticut. Through a multiple listing agreement with another broker, the defendant Richard Turlick, acting for himself and with authority to act for his

brother the defendant Donald Turlick, offered for sale property they had inherited. During the latter part of May, 1969, after the expiration date of the multiple listing agreement, Mrs. Smith showed the premises to the prospective buyer David Gaudet, hereinafter referred to as the buyer, who was sufficiently interested to give a binder and sign a proposed contract prepared in the plaintiffs' office. Thereafter, Mrs. Smith either brought or sent the proposed contract to the defendants' attorney, who was directed to communicate with counsel representing the buyer. The defendants' attorney, not satisfied with some terms of the contract prepared in the plaintiffs' office, drafted an agreement whereby the defendants agreed to sell the property to the buyer for $46,000 and the buyer was to pay a deposit of $4600. The contract recognized the plaintiffs as the broker making the sale and it stipulated that the defendants "hereby agree to pay the agreed commission upon transfer of title." This contract was sent to and approved by the buyer's attorney and eventually signed by both the defendants and the buyer, who paid the deposit. The contract was not made available to the plaintiffs nor was it reviewed or approved by them.

At all times the defendants were ready, willing and able to sell in accordance with their contract, but the buyer decided to abandon the contract, not to take title and to forfeit his deposit.

Two decisive issues control the determination of this appeal: first, were the plaintiffs acting as agents of the defendants, and second, if so acting, did the plaintiffs perform a sufficient service to earn a commission.

The defendants assign error in the court's conclusion that the plaintiffs were the authorized agents

of the defendants. An attack on a conclusion of the trial court is tested by the finding. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. If the court's conclusion that the plaintiffs were agents of the defendants is legally and logically consistent with the facts found it will not be altered. *Hames* v. *Hames,* 163 Conn. 588, 592, 316 A.2d 379; *Covino* v. *Pfeffer,* 160 Conn. 212, 216, 276 A.2d 895; *Blatt* v. *Star Paper Co.,* supra.

Although the multiple listing agreement had expired before the plaintiffs procured the buyer, an agent-principal relationship existed between the plaintiffs and the defendants on the basis of an implied contract. *Weinhouse* v. *Cronin,* 68 Conn. 250, 253, 36 A. 45. An implied contract exists when an agent acts on an honest belief that a request has been made of him to render services as a broker or under circumstances indicating that he expects to be paid and the defendant avails himself of the benefits of such services. *Merwin* v. *Beardsley,* 134 Conn. 212, 216, 56 A.2d 517; *Sullo* v. *Luysterborghs,* 129 Conn. 172, 174–75, 26 A.2d 784; *Cassidy* v. *Congdon,* 121 Conn. 68, 183 A. 1; *Canfield* v. *Sheketoff,* 104 Conn. 28, 33, 132 A. 401. The question is ordinarily one of fact for the trial court. *Sullo* v. *Luysterborghs,* supra, 175.

The trial court could reasonably have concluded from the subordinate facts found that the plaintiffs were engaged in the real estate brokerage business and expected to be paid for their services and that the defendants, in accepting the buyer produced by the plaintiffs and contracting with said buyer for the sale of the premises, knew the plaintiffs expected to be compensated for their services and acknowledged this expectation by recognizing the plaintiffs

as the broker in their contract with the buyer. Consequently, the court's conclusion that the plaintiffs were agents of the defendants will not be disturbed.

The remaining issue to be considered is whether the plaintiffs, as agents of the defendants, performed a sufficient service to be entitled to a commission. It is well settled in this state that a broker is entitled to a commission when his efforts have resulted in procuring a customer who is ready, able and willing to buy on terms and conditions prescribed or agreed to by the seller. *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872; *Thomas F. Rogers, Inc.* v. *Hochberg,* 143 Conn. 22, 118 A.2d 910; *Dyas* v. *Akston,* 137 Conn. 311, 77 A.2d 79; *Roche* v. *Curtin,* 131 Conn. 66, 69, 37 A.2d 805; *Wright* v. *Reid,* 111 Conn. 141, 146, 149 A. 239; *Notkins* v. *Pashalinski,* 83 Conn. 458, 460, 76 A. 1104. The finding fails to reveal that the buyer was able to purchase the premises at the time of the signing of the contract or any time thereafter. It is also clear that subsequent to the signing of the contract the buyer became unwilling to purchase the premises. The court erroneously based its conclusion that a commission was due on the theory that a ready, able and willing purchaser had been procured by the plaintiffs. This conclusion is not supported by the finding.

The judgment can be sustained only if, as the plaintiffs claim, it is supportable by the pleadings and a finding that the plaintiffs procured an enforceable or binding contract between the buyer and the defendants. A broker has fully performed his task when he brings the parties to an enforceable agreement. *McHugh* v. *Bock,* 134 Conn. 519, 58 A.2d 740; *Meagher* v. *Reeney,* 96 Conn. 116, 113 A. 169; Restatement (Second), 2 Agency § 445, comment (d); note, 74 A.L.R.2d 437, 443 § 3a. It was noted in

*Meagher* v. *Reeney,* supra, 118, quoting from *Francis* v. *Baker,* 45 Minn. 83, 84, 47 N.W. 452, that if, "without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, either upon the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned."

The plaintiffs pleaded a contract of purchase and sale between the defendants and the named buyer. This pleading was admitted by the defendants and neither the finding nor the pleadings indicates that any of the parties to the contract or to this action questioned the enforceability of the contract. The fact that a seller stands on the contract, retains a deposit as liquidated damages, or executes a mutual release with the other party to the contract, demonstrates a recognition by the parties that the contract is binding and entitles the broker to the same compensation, that is, a commission, as he would have received had the exchange or sale been effected. *Provost* v. *McCarthy,* 136 Conn. 447, 450, 72 A.2d 231; *McHugh* v. *Bock,* supra, 521; *Leete* v. *Norton,* 43 Conn. 219, 226.

In the present action the finding establishes that a contract was signed and approved by the buyer and the defendants for the sale of the defendants' premises. The contract provided that "in the event the buyer fails to take title as required by this agreement the seller shall retain the amount paid upon the signing of this contract [$4600] as liquidated damages for said failure." The parties treated the contract as binding and when the buyer abandoned the contract he forfeited to the defendants the deposit sum of $4600 as liquidated damages for the

breach. The plaintiffs thus earned a commission by procuring a written agreement which both buyer and seller treated as binding. *Thomas F. Rogers, Inc.* v. *Hochberg,* supra, relied on by the defendants, is not controlling since that case involved the determination that the signing by the buyer alone of a contract document which the seller refused to sign was not proof of the buyer's financial ability to complete the transaction. It was therein noted (p. 24) that the decision was not controlled by such cases as *Provost* v. *McCarthy,* supra, *McHugh* v. *Bock,* supra, *Meagher* v. *Reeney,* supra, and *Leete* v. *Norton,* supra, where both the buyer and the seller had executed a contract. Since the plaintiffs drew their complaint alleging a binding contract procured by them and a commission arising from that contract, they were not required to prove the ability of the buyer to complete the transaction.

In *Lesser* v. *Altnacraig Convalescent Home, Inc.,* 144 Conn. 488, 133 A.2d 908, the plaintiff alleged a sales contract in his complaint but he further alleged that the customer was ready, willing and able to consummate the contract. The court there concluded that the plaintiff had undertaken the burden of proof on that allegation and had invited and induced the trial court to charge as it did. Having thus affirmatively alleged the financial ability of the buyer, the plaintiff could not complain that the trial court erred in placing on him the burden of that proof. *Blake* v. *Torrington National Bank & Trust Co.,* 130 Conn. 707, 709, 37 A.2d 241; *Hatch* v. *Merigold,* 119 Conn. 339, 343, 176 A. 266. The court noted in *Lesser* v. *Altnacraig Convalescent Home, Inc.,* supra, 491: "It is immaterial whether under other pleadings, the execution by the defendant and Mrs. Scofield of a valid contract for the sale of the prop-

erty would have entitled the plaintiff to his commission under the rule of cases such as *Leete* v. *Norton,* 43 Conn. 219, 225; *Meagher* v. *Reeney,* 96 Conn. 116, 117, 113 A. 169; *McHugh* v. *Bock,* 134 Conn. 519, 521, 58 A.2d 740; and *Provost* v. *McCarthy,* 136 Conn. 447, 449, 72 A.2d 231." It is noteworthy that in the case before us it was the defendants who pleaded a special defense that the plaintiffs did not procure a purchaser who was ready, willing and able to purchase the property in question.

The defendants' attempts to restrict the plaintiffs' right to a commission by contractual agreement with the buyer were ineffective because the plaintiffs were not parties to this agreement. In the absence of a provision in the contract of employment making the right to a commission dependent on the consummation of a transaction or the performance of a contract, the commission is earned when the broker procures a binding contract between principal and customer. 12 Am. Jur. 2d, Brokers, § 194; 12 C.J.S., Brokers, § 95; see also *Dworski* v. *Lowe,* 88 Conn. 555, 557, 92 A. 112. The defendants' claim that the attorneys for the parties and not the plaintiffs negotiated the contract and, therefore, the plaintiffs were not a procuring cause of the contract is not well taken. If the act of the broker in pursuance of his authority to find a purchaser is the initial step that leads to the negotiation of the contract, a commission has been earned. See *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599, 608, 42 A. 667.

We need not consider the defendants' assignment of error relating to the overruling of the demurrer since it involved the defendants' claim that the complaint should have contained an allegation that the prospective buyer was ready, able and willing to purchase and that such proof was essential to entitle

the plaintiffs to a recovery. This claim has been previously discussed.

Similarly, since the buyer's out-of-state deposition taken by the plaintiffs was offered for its value on the issue of ability to purchase which was not material, and since the admission of the deposition was harmless, the defendants' assignment of error attacking the admission of this deposition is not considered.

The court's decision that the plaintiffs were entitled to a brokerage commission is based on the conclusion that the buyer was in fact ready, able and willing to purchase. That the court relied on a wrong theory to support its conclusion that the plaintiffs were entitled to a commission does not, however, render the judgment erroneous. *Powers* v. *Common Council,* 154 Conn. 156, 161, 222 A.2d 337; *Malone* v. *Steinberg,* 138 Conn. 718, 723, 89 A.2d 213. A correct decision is sustained although it may have been placed on a wrong ground. *Emerick* v. *Monaco & Sons Motor Sales, Inc.,* 145 Conn. 101, 106, 139 A.2d 156; *Clark* v. *Shaw,* 143 Conn. 114, 117, 119 A.2d 912.

The court's ultimate conclusion that the plaintiffs were entitled to a commission was correct.

There is no error.

In this opinion the other judges concurred.